IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER EUGENE DE ROSSITTE                                              PLAINTIFF

v.                                    Civil No.6:17-cv-06043

CORRECT CARE SOLUTIONS, INC., DR.
NANETTE VOWELL, NURSE MELISSA L.
GIFFORD, HEALTH SERVICES
ADMINISTRATOR ANDREA BEASLEY,
NURSE GWENDOLYN E. HART, NURSE
NICHOLE A. ROBINSON, RORY GRIFFIN,
WENDY KELLEY, AND NURSE RICHARD
MORGAN                                                                     DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Christopher Eugene De Rossitte, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion for Preliminary Injunction. (ECF No. 39). Defendants have filed Responses in opposition to the motion. (ECF Nos. 40, 42). Plaintiff filed a Reply to the Responses. (ECF No. 45).

### I. BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit ("ORU"). Plaintiff filed his initial Complaint on May 4, 2017.[1] (ECF No. 1). The following day, the Court ordered Plaintiff to file an Amended Complaint to state his claims against each defendant with factual specificity on the Court's approved § 1983 form. (ECF No. 7). On June 12, 2017, Plaintiff filed an Amended Complaint but failed to use the Court's form as

---

[1] Plaintiff's initial Complaint included one hundred and thirty-three (133) pages and covered a period of three years.

directed to clearly indicate what claim Plaintiff was making against each Defendant.[2] (ECF No. 11). On August 21, 2017 the Court directed Plaintiff to file a Second Amended Complaint on the court-approved § 1983 form limiting him to a total of ten (10) pages. (ECF No. 13).

Plaintiff filed a Second Amended Complaint on September 5, 2017, naming Correct Care Solutions, Inc. ("CCS"), Dr. Nannette Vowell, Nurse Melissa L. Gifford, Andrea Beasley, Gwendolyn Hart, Richard Morgan, Rory Griffin, Wendy Kelly and Nichole A. Robinson as Defendants. (ECF No. 14).[3] He claims he has been denied medical care in violation of the Eighth Amendment and the American with Disabilities Act and has been retaliated against for seeking legal action.[4] *Id.*

Plaintiff filed his Motion for Preliminary Injunction on January 5, 2018. In the motion, Plaintiff requests:

> "a Preliminary Injunction, to immediately remedy the undue suffering the Plaintiff continues to face in direct violation of the Eighth Amendment to the United States Constitution; specifically that the Arkansas Department of Correction through its officers and health services contractor Correct Care Solutions, Inc., be immediately ordered to provide all necessary medical care as to alleviate the Plaintiff's ongoing and untreated pain and suffering bringing ADC into compliance with its Constitutional obligations and CCS into compliance with its contractual obligations to ADC to such medical care to be expatiated herein."

(ECF No. 39, p. 1)

---

[2] Plaintiff's First Amended Complaint referred the Court to various pages of his original complaint resulting in a sixty-eight (68) page narrative complaint.

[3] On November 14, 2017, Plaintiff filed a Motion for Declaratory Relief which was inadvertently docketed as a Supplement to his Second Amended Complaint. (ECF No. 28). This Report and Recommendation will not address this pleading. On February 9, 2018, the Clerk corrected the mistake and filed the pleading as a Motion for Declaratory Relief. (ECF No. 48).

[4] Defendants Griffin and Kelley filed a Motion to Dismiss Plaintiff's Second Amended Complaint on October 30, 2017, claiming they are entitled to sovereign and qualified immunity. (ECF No. 20). This Motion is currently pending before the Court.

He goes on to describe numerous conditions and ailments he has endured for "over two and half years" as a result of the alleged denial of adequate medical care by Defendants. These ailments track the allegations in Plaintiff's Second Amended Complaint. Specifically Plaintiff's states:

> "Over the past three years the Plaintiff has suffered from multiple symptoms which, though reported dozens of times, have gone entirely untreated and unaddressed: constant pain in the tissue of the face and head; daily headaches, sometimes severe; excessive thirst; difficulty swallowing; recurrent boils and bumps on face and forehead, occasionally elsewhere; repeated swelling of eyelids; earaches; poor blood work labs; persistent and recurring rashes; urine irregularities; bouts of nausea; shortness of breath; and muscle pain and weakness. Additionally the following symptoms have been ineffectively treated, individually, without attempt at further remedy or diagnosis of cause despite persistant complaints; constant eye pain; constant eye irritation; build-up of irritants under eyelids resulting persistant sleep deprivation; blurred cloudy and dimmed vision; constant sinus trouble; recurring cough; recurring sore throat; and edema on arms. Since the Plaintiff began work on this lawsuit he has also suffered recurring joint and bone pain and, arising from the bouts of nausea, recurring bouts of vomiting. For approximately the last two and a half years the Plaintiff has repeatedly suggested all of this frequently debilitating condition is the result of a single bacterial infection with several evident reasons to believe it is MRSA. (Methicillian Resistant Staphylococcus Aureas)."[5]

(ECF No. 39, pp. 2, 3)

Plaintiff claims Defendants have refused to acknowledge that he has any infection and have "categorically and absolutely refused all diagnostic tests while providing no alternate opinion whatever as to the cause of these symptoms…The question of whether or not an infection exists, or a definitive diagnostic determination of the cause of these symptoms if not present, is absolutely central to the evaluation and resolution of this case." *Id.* at 3. Based on these allegations, Plaintiff requests an immediate injunction ordering CCS to arrange for Plaintiff to be tested for MRSA by

---

[5] MRSA is a "drug-resistant strain of staph bacteria. MRSA is only susceptible to a limited number of antibiotics, but most MRSA skin infections can be treated without antibiotics by draining the sores. MRSA can be spread through direct contact with infected individuals or though contact with materials that have been exposed to the bacteria..." *Kaucher v. County of Bucks*, 455 F.3d 418, 421 (3rd Cir. 2006).

standard diagnostic means,[6] and commence an "appropriate" course of treatment upon receipt of the test results until Plaintiff is symptom free.

In addition, Plaintiff requests an injunction ordering: 1) "all CCS staff named as Defendants in the Plaintiff's Second Amended Complaint, particularly Doctor Nannette Vowell and Nurse Melissa L. Gifford who have both actively engaged in retaliation against the Plaintiff…be prohibited from making any medical decisions, recommendations or examinations regarding the Plaintiff for the duration of this action and that Plaintiff's medical needs during this time be addressed by other available CCS Day Clinic staff", [7] (ECF No. 39, pp. 7, 8); 2) the reinstatement of acetaminophen and Plaintiff's other prescriptions; and 3) the ADC through Defendants Kelly and Griffin, to "arrange to have a correctional officer (preferably one known to the Plaintiff to be of exceptional trustworthiness and good character such as Sgt. Rose, Sgt. Parks. Sgt Weehunt, Sgt. Clemmons, Lt. Caro or Lt. Elmore) to be present at all times during the collection, packaging and transfer of samples, maintaining observation of those to be sent to a lab..." (ECF No. 39, p. 10).

Defendants CCS, Dr. Nannette Vowell, Andrea Beasley, Melissa Gifford, Gwendolyn Hart, Richard Morgan and Nichole Robinson (collectively referred to as "Medical Defendants") filed a Response to Plaintiff's motion arguing he is not entitled to a preliminary injunction because Plaintiff fails to allege facts to support a conclusion that Plaintiff is in immediate danger of irreparable harm. Instead, they assert Plaintiff's medical records demonstrate his various

---

[6] Plaintiff also goes into detail about how the tests must be conducted including the methods used and demanding that the testing be done by disinterested third parties such as University of Arkansas for Medical Sciences in Little Rock. He also requests a copy of any lab report be sent to him within five business days. (ECF No. 39, p. 4).

[7] Plaintiff alleges Defendant Vowell refuses to renew prescriptions for him and Defendant Gifford "verbally badgered" him on October 16, 2017. (ECF No. 39, p. 8).

complaints have been addressed by the medical staff at the ORU and he simply disagrees with the treatment he has been provided. (ECF No. 42). Defendants Rory Griffin and Wendy Kelley (collectively referred to as the "ADC Defendants") also filed a Response arguing the threat of irreparable harm to Plaintiff is speculative and the probability of Plaintiff succeeding on the merits against them is "nil". (ECF No. 40).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with

great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. DISCUSSION

Plaintiff seeks a preliminary injunction ordering Defendants to test him for MRSA under certain conditions and restrictions, implement an "appropriate" course of treatment until he is symptom free, reinstate various prescriptions for him, and arrange for certain correctional officers to be present and oversee his treatment and testing. He also asks the Court to restrict certain Defendants from treating him because they have allegedly retaliated against him. (ECF No. 39).

First, it is apparent Plaintiff disagrees with how Defendants are providing care for his alleged medical needs. However, mere disagreement with medical treatment fails to state a claim of deliberate indifference. *See Meuir v. Greene County Jail Employees,* 487 F.3d 1115, 1118-19 (8th Cir. 2007) (an inmate has no constitutional right to a particular course of treatment, and his mere disagreement with the medical treatment he receives is not a basis for section 1983 liability); *Pietrafeso v. Lawrence County, S.D.,* 452 F.3d 978, 983 (8th Cir. 2006) (showing deliberate indifference is greater than even gross negligence and requires more than mere disagreement with treatment decisions). In addition, "the question whether…additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment," and "does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In addition, Plaintiff has only made conclusory statements concerning retaliation by Defendants Vowell and Gifford for refusing to refill certain prescriptions and "verbal" badgering.[8] Therefore,

---

[8] Merely alleging that an act was retaliatory is insufficient. *Meuir* at 1119, citing *Benson v.* Cady, 761 F.2d 335, 342 (7th Cir. 1985). Verbal abuse or "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985).

at least at this juncture, the Court finds it unlikely that Plaintiff's claims for denial of medical care and retaliation will be successful on the merits.

Second, a preliminary injunction is meant to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Here, Plaintiff has simply restated the claims from his Second Amended Complaint in the form of a motion for injunctive relief. Granting Plaintiff a preliminary injunction based on the allegations in the complaint would not preserve the status quo. In addition, Plaintiff alleges his symptoms have been ongoing for nearly three years. Thus, his alleged symptoms do not appear to be the type of serious medical conditions which place him in danger of immediate harm. *See Williams v. Correctional Medical Services,* 166 Fed. Appx. 882, (8th Cir. 2006) (Plaintiff's claims concerning Hepatitis C testing and treatment showed neither threat of irreparable harm or likelihood of success on the merits to warrant a preliminary injunction); s*ee also Quint v. Lantz*, 248 Fed Appx. 218, 219 (2d Cir. 2017) (alleged denial of medical care, including preferred pain medication, for degenerative, rather than acute, medical condition did not suffice to show irreparable harm); *Rivera v. Pennsylvania Dept. of Corrections*, 346 Fed. Appx. 749, 750 (3d Cir. 2009) (denial of medication for digestive disorder and skin condition were not the type of serious medical conditions which placed inmate in danger of immediate harm requiring preliminary injunction). Thus, Plaintiff has failed to demonstrate he will suffer irreparable harm while this case proceeds on the merits.

Third, in balancing the harm and the injury to the Defendants if the injunction is granted, the balance favors the Defendants. Granting the injunction would amount to this Court interfering with the exercise of the judgment of the Medical Defendants and the operation and administration

of a state prison as it relates to the ADC Defendants. As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff,* 60 F.3d at 520.

Finally, in assessing whether the issuance of an injunction would be in the public interest, it must be remembered that the "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's allegations would amount to direct interference by the Court with the operation and administration of the ORC which is harmful to Defendants and does not serve any public interest.

## IV. CONCLUSION

Accordingly, I recommend Plaintiff's Motion for a Preliminary Injunction (ECF No. 39) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 9th day of February 2018.**

/s**/** Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE