IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER EUGENE DE ROSSITTE                                    PLAINTIFF

v.                              Civil No.6:17-cv-06043

CORRECT CARE SOLUTIONS, INC., DR.
NANETTE VOWELL, NURSE MELISSA L.
GIFFORD, HEALTH SERVICES
ADMINISTRATOR ANDREA BEASLEY,
NURSE GWENDOLYN E. HART, NURSE
NICHOLE A. ROBINSON, RORY GRIFFIN,
AND NURSE RICHARD MORGAN                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Christopher Eugene De Rossitte, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion for Preliminary Injunction. (ECF No. 76). Defendants filed Responses in opposition to the motion. (ECF Nos. 84, 85). Plaintiff filed a Reply to the Responses. (ECF No. 88).

### I. BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit ("ORU"). Plaintiff filed his initial Complaint on May 4, 2017. (ECF No. 1). The following day, the Court ordered Plaintiff to file an Amended Complaint to state his claims against each defendant with factual specificity on the Court's approved § 1983 form. (ECF No. 7). On June 12, 2017, Plaintiff filed an Amended Complaint but failed to use the Court's form as directed to clearly indicate what claim Plaintiff was making against each Defendant. (ECF No.

1

11). On August 21, 2017 the Court directed Plaintiff to file a Second Amended Complaint on the court-approved § 1983 form. (ECF No. 13).

Plaintiff filed a Second Amended Complaint on September 5, 2017, naming Correct Care Solutions, Inc. ("CCS"), Dr. Nannette Vowell, Nurse Melissa L. Gifford, Andrea Beasley, Gwendolyn Hart, Richard Morgan, Rory Griffin, Wendy Kelly and Nichole A. Robinson as Defendants. (ECF No. 14). He claims he has been denied medical care in violation of the Eighth Amendment and has been retaliated against for seeking legal action.[1] *Id.*

Plaintiff filed the instant Motion for Preliminary Injunction on July 5, 2018.[2] In the motion, Plaintiff requests "the medical Defendant CCS provide diagnosis and treatment for the persistent pain in the tissues of the Plaintiff's face and head." (ECF No. 76, p. 4). Plaintiff argues he has been experiencing these symptoms since 2014 and Defendant CCS has failed to diagnose or treat them despite Plaintiff's numerous medical requests. Plaintiff also states:

> It cannot be argued this is not a serious or life-threatening condition as no diagnosis or attempt at diagnosis has been made, and therefore ALL possible eventualities must be considered. Even if the Plaintiff is correct, that it is the result of a bacterial infection, MRSA[3] (and not, say, cancer) it cannot be said to be free of even life-threatening consequence or other negative long-term outcomes.

(ECF No. 76, p. 5).

Defendants CCS, Dr. Nannette Vowell, Andrea Beasley, Melissa Gifford, Gwendolyn

---

[1] The claims against Defendant Kelley and Plaintiff's claim regarding the American with Disabilities Act were dismissed on April 19, 2018. (ECF No. 67).

[2] On February 9, 2018 this Court entered a Report and Recommendation denying Plaintiff's first Motion for Preliminary Injunction. (ECF No. 49). Plaintiff filed timely objections stating "his request for a preliminary injunction should be rejected on the grounds that it is excessively complex, makes multiple assumptions and would require an unnecessary level of Court intervention." (ECF No. 52). On April 20, 2018, United States District Judge Susan O. Hickey adopted the Report and Recommendation and denied Plaintiff's motion. (ECF No. 72).

[3] MRSA is a "drug-resistant strain of staph bacteria.

Hart, Richard Morgan and Nichole Robinson (collectively referred to as "Medical Defendants") filed a Response to Plaintiff's motion arguing he is not entitled to a preliminary injunction because Plaintiff fails to allege facts to support a conclusion that he is in immediate danger of irreparable harm. Instead, they assert Plaintiff's medical records demonstrate his various complaints, including facial pain, have been addressed by the medical staff at the ORU and Plaintiff simply disagrees with the treatment he has been provided. (ECF No. 85). Defendant Rory Griffin also filed a Response stating Plaintiff's requested relief is not directed towards him, he is not a medical provider, and he cannot provide Plaintiff with the requested relief. (ECF No. 84).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204,

206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. DISCUSSION

Plaintiff seeks a preliminary injunction ordering Defendant CCS to provide a diagnosis and treatment for the persistent pain in the tissues of his face and head. (ECF No. 76). Based on a review of the pleadings and exhibits submitted in conjunction with the instant motion, Plaintiff is not entitled to injunctive relief under *Dataphase*.

#### A. Success on the Merits

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

"'To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk.' Rather, a plaintiff must demonstrate the official actually knew of the risk and deliberately disregarded it." *Vaughn v. Green County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006), quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The determination that prison officials had

actual knowledge of a serious medical need may be inferred from circumstantial evidence or from the very fact that the risk was obvious. *See Farmer*, 511 U.S. at 842. If prison officials have actual knowledge of a serious medical need, and fail to take reasonable measures to address it, they may be held liable for deliberate indifference. *See id*, at 847. To establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

In order to show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). Here, Plaintiff's Motion for Preliminary Injunction is based on the fact that Plaintiff has not been diagnosed by a physician as requiring treatment for the pain in his face and head. The question then becomes whether Plaintiff has a medical condition so obvious that a layperson would recognize the necessity for a doctor's attention.

On June 19, 2018, Plaintiff was seen for a sick call for his complaints regarding "pain in the middle of his back related to degenerative disk diseases. States he also has pain in his ankles, but this is secondary to his back." (ECF No. 85-1, p.1). During this sick call, Plaintiff did not mention anything about pain in the tissues of his head or face. Plaintiff's prescriptions for naproxen and acetaminophen were renewed the following day. *Id.* Then, on July 11, 2018,

Plaintiff was examined by Dr. Thomas Daniel for a wide range of Plaintiff's complaints none of which included facial pain.  (ECF No. 85-1, pp. 5-9).

Plaintiff's failure to mention the pain in his face and head during these sick calls undermines his claim that he has a serious medical condition requiring immediate medical attention. It also seriously undermines the requirement that his condition was "so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  In addition, Plaintiff's assertion that there has been no disagreement as to his medical treatment regarding his facial and head pain because CCS has never specifically diagnosed or addressed his complaints is disingenuous at best.  Further, "the question whether…additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment," and "does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   Therefore, at least at this juncture, the Court finds it is questionable whether Plaintiff's claims for denial of medical care will be successful on the merits.

    **B.  Irreparable Harm**

Second, a preliminary injunction is meant to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  Here, Plaintiff was seen by CCS staff on at least two separate occasion within the past two months and did not complain about pain in the tissues of his face and head.  In addition, Plaintiff alleges his symptoms have been ongoing for nearly three years.  Thus, his alleged symptoms do not appear to be the type of serious medical conditions which place him in danger of immediate harm.  *See Williams v. Correctional Medical Services,* 166 Fed. Appx. 882, (8th Cir. 2006) (Plaintiff's claims concerning Hepatitis C testing and

treatment showed neither threat of irreparable harm or likelihood of success on the merits to warrant a preliminary injunction); s*ee also Quint v. Lantz*, 248 Fed Appx. 218, 219 (2d Cir. 2017) (alleged denial of medical care, including preferred pain medication, for degenerative, rather than acute, medical condition did not suffice to show irreparable harm); *Rivera v. Pennsylvania Dept. of Corrections*, 346 Fed. Appx. 749, 750 (3d Cir. 2009) (denial of medication for digestive disorder and skin condition were not the type of serious medical conditions which placed inmate in danger of immediate harm requiring preliminary injunction). Thus, Plaintiff has failed to demonstrate he will suffer irreparable harm while this case proceeds on the merits.

### C. Balance of Harm

Third, in balancing the harm and the injury to the Defendants if the injunction is granted, the balance favors the Defendants. Granting the injunction would amount to this Court interfering with the exercise of the judgment of the Medical Defendants who contract with the prison to provide medical care. As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff,* 60 F.3d at 520.

### D. Public Interest

Finally, in assessing whether the issuance of an injunction would be in the public interest, it must be remembered that the "federal courts do not sit to supervise state prisons, [including their medical providers] the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's allegations would amount to direct interference by the Court with the medical operation and administration of the ORC which is harmful to Defendants and does not serve any public interest.

## IV. CONCLUSION

Accordingly, I recommend Plaintiff's Motion for a Preliminary Injunction (ECF No. 76) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 10th day of August 2018.**

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE