IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER EUGENE DE ROSSITTE                                              PLAINTIFF

v.                              Civil No. 6:17-cv-06043

CORRECT CARE SOLUTIONS, INC.; DR.
NANETTE VOWELL; and NURSE MELISSA L.
GIFFORD                                                                     DEFENDANTS

## ORDER

Before the Court is an Appeal to the District Court Pursuant to Fed. R. Civ. P. 72 as to the Magistrate Judge's Order Granting Plaintiff's Motion to Compel filed by Separate Defendants Correct Care Solutions, Inc. ("CCS"); Dr. Nanette Vowell; and Nurse Melissa L. Gifford (collectively the "Medical Defendants").[1] ECF No. 90. Plaintiff has filed a response.[2] ECF No. 108. The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations related to his medical care while incarcerated. On July 9, 2018, the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, issued an order granting a motion to compel filed by Plaintiff. ECF No. 80. The Medical Defendants now appeal portions of Judge Bryant's order.

---

[1] The present appeal was also brought by former Separate Defendants Andrea Beasley, Gwendolyn Hart, Richard Morgan, and Nichole Robinson. However, those Defendants were subsequently dismissed from the case. *See* ECF No. 121.
[2] Plaintiff titles his response as an "objection." ECF No. 108, p. 1.

## DISCUSSION

### A. Timeliness of the Present Appeal

As an initial matter, Federal Rule of Civil Procedure ("FRCP") 72 requires that a party who wishes to appeal a magistrate judge's order must file objections to the order within fourteen days of being served with a copy of the order. Fed. R. Civ. P. 72(a). Here, the challenged order was filed on July 9, 2018. ECF No. 80. On July 23, 2018, the Medical Defendants filed a Motion for Extension of Time to Respond to the Court's Order Granting Plaintiff's Motion to Compel and for Extension of Time Within to Appeal to the District Court Pursuant to Fed. R. Civ. P. 72. ECF No. 86. Judge Bryant granted that motion on July 24, 2018, giving the Medical Defendants up to and including August 6, 2018, to file objections to the order. ECF No. 87. The Medical Defendants filed the instant appeal on August 6, 2018. ECF No. 90. Accordingly, although the Medical Defendants did not file the instant appeal within fourteen days of the challenged order, they did file it within the extended time allowed by Judge Bryant. Therefore, the Court finds that the appeal was timely filed.

### B. Merits of the Present Appeal

The Court now turns to the merits of the present appeal. In the challenged order, Judge Bryant granted a motion to compel filed by Plaintiff and ordered the production of specific information and materials. The Medical Defendants appeal Judge Bryant's order to produce the following information and documents: (1) "[i]nternal responses or other documents related to [] Plaintiff's August 2016 letter to CCS;" (2) "[i]nternal and external communication[s] concerning Plaintiff's medical care from November 1, 2013 until the present;" and (3) a "[l]ist of state or federal sanctions, fines, criminal charges or other court imposed settlements or injunctions against

or involving CCS over the last 3 years which are based on similar allegations made by Plaintiff in the prison setting for denial of medical care."[3] ECF No. 90, pp. 4-5.

Rule 72 provides that when timely objections are made to a magistrate judge's written order concerning a non-dispositive pretrial motion, the district judge in the case must consider those objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Rule 72 likewise states that "[a] party may not assign as error a defect in the order not timely objected to." *Id*. The Medical Defendants assert that Judge Bryant's order was "contrary to law" in regard to the three sections at issue. "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

The Medical Defendants assert that Judge Bryant's order as to the three above-quoted sections is "contrary to law as those sections . . . fail to properly weigh the issue of whether Plaintiff's requests are proportional to the needs of this case, in light of the factors listed in [FRCP] 26(b)(1)[.]" ECF No. 90, p. 5. The Medical Defendants argue that—in weighing the importance of the issues at stake, the amount in controversy, the importance of the materials in resolving the issues presented by this case, and whether the burden or expense of production outweighs the materials' likely benefit[4]—the Court "should have found that the voluminous material" requested was not proportional to the needs of the present case and, accordingly, should not be produced. *Id*.

---

[3] Judge Bryant's order compelled the production of seventeen groupings of information and/or documents based on seventeen groupings Plaintiff listed in his Motion to Compel. *See* ECF No. 80, pp. 5-6. The specific groupings at issue in the instant appeal were numbered as 2, 5, and 11, respectively. *Id*.

[4] The Medical Defendants assert that all these factors weigh against disclosure.

The Medical Defendants further argue that, in regard to the challenged three groupings of information, Judge Bryant's order was "overly broad and ambiguous as to the content of what is to be produced." *Id*. at 5. The Medical Defendants contend that it is unclear whether the order directed the Medical Defendants "to disclose confidential settlements, attorney-client privileged material or if the material should be produced on a nationwide scale." *Id*. at 5-6. Finally, the Medical Defendants assert that due to the scope and number of Plaintiff's alleged symptoms, they are unsure as to how they "would be able to assess every case, nationwide, for a span of years to determine if allegations similar" to Plaintiff's had been addressed and that, regardless, the time and associated costs of producing such information would be "staggering and cannot be proportional to the needs of this case" in light of the relevant factors to be considered. *Id*. at 6. Accordingly, the Medical Defendants request that the Court find that the above-quoted groupings of information and materials to be produced are not proportional to the needs of the case and that the Medical Defendants should not be required to produce the ordered information and materials. *Id*. at 6-7.

Plaintiff has filed a response asserting that Judge Bryant rightly decided the present issues.[5] Plaintiff notes, *inter alia*, that this litigation concerns alleged constitutional violations and, further, that he is substantially limited in his abilities to discover the material at issue. Likewise, as to the third grouping of ordered information and materials—a "[l]ist of state or federal sanctions, fines, criminal charges or other court imposed settlements or injunctions against or involving CCS over the last 3 years which are based on similar allegations made by Plaintiff in the prison setting for

---

[5] Plaintiff also asserts that the Medical Defendants have not complied with Judge Bryant's order as to other, non-contested, discovery requirements. Likewise, Plaintiff appears to claim that discovery disputes have arisen since he filed his initial motion to compel. However, the Court will not address these issues unless and until they are raised in independent motions.

denial of medical care"—Plaintiff asserts that this is "obviously intended to be national in scope" and that it is "obviously not intended to include privileged material[.]" ECF No. 108, p. 6. Plaintiff likewise appears to argue that notwithstanding the Medical Defendants' arguments otherwise, they are not tasked with compiling information from cases where a plaintiff alleged specific symptoms similar to Plaintiff's, but simply where a plaintiff alleged a denial of medical care in the prison context. *Id*. Finally, Plaintiff asserts that the Medical Defendants have failed to show how the discovery at issue would be unduly burdensome and that they rely, instead, on broad conclusory statements. *Id*.

The issue before Judge Bryant concerned a discovery dispute. Federal Rule of Civil Procedure 26 governs the scope and limits of discovery in a civil case. Rule 26 provides, in relevant part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Accordingly, although Rule 26 provides for broad discovery, it makes clear that discovery must be proportional to the needs of the case. Furthermore, Rule 26 also provides that a court must limit the frequency or extent of discovery if it determines that: (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3)

"the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

The burden is generally on the party resisting discovery to show why discovery should be limited. *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). In carrying this burden, the objecting party cannot rely on mere statements and conclusions but must specifically show how the objected-to disclosures would be irrelevant or overly burdensome, overly broad, or oppressive. *See St. Paul Reinsurance Co., Ltd. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (collecting cases).

Judge Bryant found that Plaintiff's discovery requests were directly related to his claims and that the Medical Defendants' objections were conclusory and, therefore, insufficient. Further, Judge Bryant stated that the only requests the Medical Defendants specifically addressed concerned the production of Plaintiff's own medical records. Judge Bryant found that Plaintiff was entitled to copies of his medical records because they relate directly to his claims for denial of medical care.[6]

In the present appeal, it appears that the Medical Defendants' main concern is that Judge Bryant did not adequately or correctly assess the proportionality of the materials and information sought with "the importance of the issues at stake in this action, the amount in controversy, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Upon review of the order at issue, it is clear that Judge Bryant quoted an older version of Rule 26 that did not include the language regarding

---

[6] The Medical Defendants do not appear to take issue with this aspect of the order. Therefore, the Court need not discuss this issue further.

"proportionality."[7] *See* ECF No. 80, pp. 3-4. However, although the former text of Rule 26 did not contain the specific "proportionality" language found in the current iteration of the Rule, it did require limitation of discovery where the burden or expense of the proposed discovery was outweighed by its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii) (2015). In making the required benefit versus burden analysis, the older version of Rule 26 directed courts to consider "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Id*. These are among the same factors now required in making a "proportionality" determination as stated by the current version of Rule 26(b)(1)[8] and, further, the same factors cited by the Medical Defendants in the instant appeal. Judge Bryant was obviously aware of the responsibility to limit the extent of discovery under this standard.[9] *See* ECF No. 80, p. 4 ("The court will limit the extent of discovery

---

[7] Rule 26 previously stated as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1) (2015). Judge Bryant appears to have relied on this standard.

[8] The current iteration of Rule 26(b)(1) also requires the consideration of "the parties' relative access to relevant information." However, the Medical Defendants do not mention this added factor.

[9] Further in support of this finding is the fact that Judge Bryant actually limited the requested discovery. *See, e.g.*, ECF No. 80, p. 5, at (6) (directing the Medical Defendants to produce blood lab reports from November 1, 2013, to the present as opposed to from June 1, 2008, to present as originally requested); ECF No. 80, p. 6, at (11) (directing the Medical Defendants to produce a list of sanctions, fines, criminal charges, settlements, or injunctions against or involving CCS going back three years as opposed to ten years as originally requested. Further limiting to cases based on similar allegations for denial of medical care in the prison setting even though Plaintiff's request did not contain that limitation); ECF No. 80, p. 6, at (12) (directing the Medical Defendants to produce a list of complaints filed against Defendant Vowell with the State of Arkansas Physician's Board going back three years as opposed to fifteen years as originally requested. Further limiting to complaints involving alleged denial of medical care in the prison setting even though Plaintiff's original request did not contain that limitation); ECF No. 80, p. 6, at (13) (directing the Medical Defendants to produce copies of records in which Defendant Vowell limits or discontinues treatment or medication for Plaintiff from November 1, 2013, through present even though original request contained no temporal

if it determines the discovery is unreasonably duplicative, cumulative, can be obtained from a more convenient source, or if the expense or burden of discovery outweighs its benefit." (citing Fed. R. Civ. P.(26)(b)(2)(C)(2015)). Accordingly, although Judge Bryant quoted an obsolete version of Rule 26, he considered the correct factors that are required under the current Rule 26(b)(1) "proportionality" inquiry. Therefore, the Court does not believe the order at issue is "contrary to law."

Moreover, the Court is cognizant that Judge Bryant's decision did not primarily rest on the relevant factors. Instead, Judge Bryant's conclusion was mainly based on the fact that the Medical Defendants' objections to the requested discovery were conclusory and that, accordingly, the Medical Defendants failed to carry their burden of establishing that the discovery was irrelevant, overly broad, overly burdensome, or oppressive. As Judge Bryant rightly found, other than in regard to Plaintiff's request for a physical copy of his medical records, the Medical Defendants' response to Plaintiff's motion to compel did not offer independent argument, but instead stated that the Medical Defendants would "stand by their objections to Plaintiff's discovery requests." ECF No. 75, ¶¶ 2, 8. The Medical Defendants did not cite any particular responses or otherwise apprise the Court of their specific arguments. Nevertheless, the Court has reviewed the Medical Defendants' responses to Plaintiff's discovery requests attached to Plaintiff's motion to compel.

---

scope); ECF No. 80, p. 6, at (14) (adding temporal scope even though original request contained no temporal scope); ECF No. 80, p. 6, at (15) (same); ECF No. 80, p. 6, at (16) (directing the Medical Defendants to produce a list of complaints filed against Defendant Gifford with the State of Arkansas Nursing Board going back three years as opposed to fifteen years as originally requested. Further limiting to complaints involving alleged denial of medical care in the prison setting even though Plaintiff's original request did not contain that limitation).

Upon review, the Court notes—just as Judge Bryant did—that the responses concerning the three groupings of information and materials at issue are conclusory.[10] The Medical Defendants' arguments in the instant appeal are just as conclusory. Accordingly, as the Medical Defendants had the burden of showing that the requested discovery was inappropriate under the relevant factors and failed to do so, Judge Bryant rightly found in favor of the Plaintiff.[11]

**C. Other Issues**

The Medical Defendants also argue that the objected-to sections of the order are ambiguous, arguing that they are unsure what information and materials they are being ordered to produce. The Medical Defendants state that "[i]t is unclear if the Order directs [them] to disclose confidential settlements, attorney-client privileged material or if the material to be produced should be produced on a nationwide scale." ECF No. 90, pp. 5-6. In regard to whether the order requires the Medical Defendants to disclose information regarding confidential settlements or privileged material, the Court finds that it does not, as the sections at issue do not state such a requirement. As to the issue of whether the Medical Defendants are being ordered to produce information on a

---

[10] *See, e.g.*, ECF No. 74-1, at pp. 2-3 (Defendant CCS' response to Plaintiff's interrogatories. In response to Request No. 3 to "provide any internal documents, response or action related to the Plaintiff's August 2016 letter to CCS" the response stated "Objection. It is unclear what document Plaintiff is referencing. Accordingly, the request is vague and ambiguous and not proportional to the needs of the case."); ECF No. 74-1, at p. 4 (in response to Request No. 8 to "provide copies of all internal, externally directed or externally received communications from or to any CCS staff person, whether letters, emails or any other form of written communication that in any regard mention the Plaintiff, the medical [care] he received, did not receive, or discussion thereof by name, ADC ID number, PID number or by indirect reference between November 1st, 2013 and the present" the response stated "Objection. This request is vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of this case as the man hours necessary to potentially produce any such documents outweigh the utility of [these] documents.").

[11] As to the Medical Defendants' argument that Judge Bryant had an affirmative duty to assess the proportionality of the requested discovery, the Court notes that such an assessment is, by necessity, limited if an opposing party does not offer cogent and specific argument. Nonetheless, the record clearly shows that Judge Bryant assessed the proportionality of the discovery sought as best he could with the briefing before him and exercised his ability to limit the discovery. *See supra* Footnote 7.

nationwide scale, the Court finds that the objected-to order does require such disclosure as the language at issue is not limited to any specific locality.

The Medical Defendants further argue that Plaintiff's broad allegations give rise to an overly burdensome and expensive task to locate and disclose the information and materials ordered by Judge Bryant. The Medical Defendants state that "it is unclear how [they] would be able to assess every case, nationwide, for a span of years to determine if allegations similar to" Plaintiff's allegations regarding specific symptoms "had been addressed" and that "[t]he man hours and cost associated therewith is staggering and cannot be proportional to the needs of this case in light of the factors discussed." ECF No. 90, p. 6. Upon consideration, the Court finds this argument unpersuasive. Although the Medical Defendants focus on the individual alleged medical conditions Plaintiff discusses, the case at bar concerns Plaintiffs' symptoms in regard to alleged denial of medical care. Accordingly, the Medical Defendants are tasked not with doing a search for cases dealing with the same specific alleged conditions, but instead must disclose information regarding sanctions, fines, criminal charges or other court-imposed settlements[12] or injunctions concerning claims of denial of medical care to inmates. The Medical Defendants offer no argument on whether such a search for cases generally dealing with allegations of denial of medical care would be overly burdensome and the Court will not speculate on that issue.

## CONCLUSION

For the foregoing reasons, the Court finds that Judge Bryant's ruling should be and hereby is **AFFIRMED** and the instant Appeal to the District Court Pursuant to Fed. R. Civ. P. 72 as to

---

[12] As noted above, this does not include privileged or confidential settlement materials.

the Magistrate Judge's Order Granting Plaintiff's Motion to Compel should be and hereby is **DISMISSED**.

**IT IS SO ORDERED**, this 9th day of November, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge