IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER EUGENE DE ROSSITTE                                 PLAINTIFF

v.                              Civil No. 6:17-cv-06043

CORRECT CARE SOLUTIONS, INC.;
DR. NANETTE VOWELL; and NURSE
MELLISA L. GIFFORD                                                               DEFENDANTS

## ORDER

       Before the Court is a Report and Recommendation filed on August 10, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 92. Plaintiff has filed timely objections. ECF No. 103. The Court finds this matter ripe for consideration.

## BACKGROUND

       Plaintiff brings the present lawsuit pursuant to 42 U.S.C. § 1983 for alleged denial of medical care and retaliation related to his pursuit of legal action. Plaintiff also alleges a claim for "medical injury under Arkansas state law." ECF No. 14, p. 9. Plaintiff is currently incarcerated in the Arkansas Department of Correction.

       In the instant Report and Recommendation, Judge Bryant considered Plaintiff's Motion for Preliminary Injunction (ECF No. 76) in which Plaintiff requests preliminary injunctive relief in the form of an order directing Defendant Correct Care Solutions, Inc. to "provide diagnosis and treatment for the persistent pain in the tissues of [Plaintiff's] face and head." ECF No. 76, p. 4. Upon examining Plaintiff's motion under the applicable standard,[1] Judge Bryant concluded that

---

[1] Judge Bryant's Report and Recommendation detailed the standard for preliminary injunctions, so the Court will not belabor the point here. In short, the determination of whether a preliminary injunction is warranted involves consideration of four so-called *Dataphase* factors: "(1) the threat of irreparable harm to the movant; (2) the state of

the motion should be denied, finding: (1) it was questionable whether Plaintiff's claims for denial of medical care will succeed on the merits, (2) Plaintiff failed to demonstrate he will suffer irreparable harm, (3) the balance of harms favors Defendants, and (4) that the public interest would not be served by the issuance of preliminary injunctive relief.

## DISCUSSION

Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections. For the sake of clarity, the Court will separately address the four *Dataphase* factors and any of Plaintiff's arguments[2] that are applicable to each in the order in which Judge Bryant discussed them.

**A. Likelihood of Success on the Merits**

As noted above, this case is based, in part, on alleged denial of medical care and the injunctive relief Plaintiff seeks regards that claim. Judge Bryant found that it was questionable whether Plaintiff would succeed on the merits of his denial of medical care claim.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

---

balance between this harm and the injury that granting the injunction will inflict on other parties . . . ; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The party seeking injunctive relief bears the burden of proving these factors. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

[2] Plaintiff does not specifically state which portion or portions of the Report and Recommendation each of his arguments apply to. Accordingly, the Court will address Plaintiff's various arguments where it believes they are relevant and responsive.

The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (alterations in original).

To show that he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To satisfy the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citation omitted).

Further, it is well settled that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (alteration in original). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id*.

Judge Bryant found that, at this stage of the litigation, it is questionable whether Plaintiff's claim for denial of medical care will be successful on the merits. Specifically, Judge Bryant focused on the requirement that Plaintiff have a serious medical need and noted that Plaintiff had failed to mention the alleged pain in his face and head during multiple recent sick calls. Judge Bryant found that this failure undermined both Plaintiff's claim that he has a serious medical need

3

requiring immediate medical attention as well as the argument that he had a condition that was "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Judge Bryant further noted that the question of whether additional diagnostic testing was needed is a matter of medical judgment and, accordingly, does not represent cruel and unusual punishment.

In his objections, Plaintiff appears to take issue with Judge Bryant's finding that Plaintiff's "failure to mention the pain in his face and head during [recent] sick calls undermines his claim that he has a serious medical condition requiring immediate medical attention." Plaintiff asserts that he has shown from his initial pleadings onward that "he has sought through dozens upon dozens of sick calls and grievances" treatment of the alleged pain in his face and head. ECF No. 103, ¶ 2. However, Plaintiff concedes that he ceased seeking medical attention concerning this issue "shortly after filing his Complaint." *Id*. That being said, Plaintiff states that he stopped seeking treatment not because the alleged condition was not serious, but because his previous efforts were met with rejection and animosity and he "simply chose to not continue 'beating his head against the wall' of [Defendants'] indifference and . . . hostility." *Id*. Plaintiff states that, instead, he sought resolution from this Court.

Plaintiff likewise takes issue with Judge Bryant's conclusion that his failure to continue seeking treatment undermines a finding that his condition was "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Plaintiff asserts that were he to approach ten people and explain the pain he alleges in his face and head and thereafter ask whether he should seek medical treatment, ten—or at least eight or nine—would say he should. ECF No. 103, ¶ 6. Accordingly, Plaintiff argues that the "average layperson would think a medical opinion, and that not long delayed, would be most appropriate." ECF No. 103, ¶ 12.

4

Upon consideration, the Court agrees with Judge Bryant. Although Plaintiff may have mentioned and sought treatment for the pain in his face and head at earlier consultations, the fact that he abandoned his efforts to receive treatment for this alleged condition undermines his position that it is a serious medical need. Further, it appears that Plaintiff's position is that he has never been found by a physician to require treatment of this condition. Accordingly, to determine whether he suffers from a serious medical need, the question is whether the alleged injury "is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."

Although Plaintiff asserts that an average layperson would, upon being described the pain he claims to feel in the tissues of his face and head, believe that he should seek medical attention, this argument is unpersuasive, as Plaintiff has cited no authority holding that this is the acceptable standard. The test is not whether an average layperson would believe medical attention is necessary upon being described a person's various symptoms and being asked whether they believed medical attention is necessary but, instead, whether an injury is so "obvious" that a layperson could "easily recognize" that a doctor's attention was necessary. Plaintiff has not established that a jury could find that his alleged injury—pain in the tissues of his face and head—was so obvious that a layperson would "easily recognize" that he was in need of a doctor's attention.

Accordingly, the Court believes, as Judge Bryant did, that it is questionable whether Plaintiff will be able to establish that he suffers from an objectively serious medical need so as to satisfy the requirements of the deliberate indifference standard. Thus, this factor weighs in favor of denying the instant motion.

### B. Irreparable Harm

As previously stated, Judge Bryant found that Plaintiff has failed to demonstrate that he will suffer irreparable harm absent preliminary injunctive relief.

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Gould v. Williams Cnty.*, No. 4:14-CV-018, 2015 WL 94672, at *5 (D.N.D. Jan. 7, 2015). "Irreparable injury is established by showing that Plaintiff will suffer harm that cannot be redressed by a legal or an equitable remedy following trial." *Id.* (internal quotation marks omitted). Where a plaintiff seeks resolution of the ultimate issue presented in his complaint, a "demand for preliminary relief [is] particularly problematic." *Id.* "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins, Inc.*, 346 F.3d at 844.

As to this issue, Judge Bryant again noted that Plaintiff was recently seen by medical staff on multiple occasions but failed to complain about or seek treatment for the alleged pain in his face and head. Likewise, Judge Bryant noted Plaintiff's alleged symptoms "have been ongoing for nearly three years." ECF No. 92, p. 6. Based on this information, Judge Bryant found that Plaintiff's "alleged symptoms do not appear to be the type of serious medical conditions which place him in danger of immediate harm." *Id*. Thus, Judge Bryant concluded that Plaintiff failed to demonstrate that he will suffer irreparable harm while his case proceeds on the merits.

In his objections, Plaintiff asserts that irreparable harm is possible. Plaintiff states that if he is correct and the alleged pain in his face and head is caused by a bacterial infection, that infection "could also result in 'endocarditis, osteomyelitis' or other serious life-threatening complications." ECF No. 103, ¶ 10. Likewise, Plaintiff raises the possibility that his alleged symptoms may be indicative of cancer. Plaintiff argues that, in light of the above-noted possible causes of his alleged pain, the longer he goes without diagnosis and treatment, the more likely a negative prognosis. ECF No. 103, ¶ 11. Nonetheless, Plaintiff notes that his alleged symptoms

could be indicative of "nothing serious in the long term," but states that this possibility is "less likely." ECF No. 103, ¶ 12.

Upon consideration, the Court agrees with Judge Bryant. Although Plaintiff has asserted various potential causes for his alleged pain, he has failed to demonstrate that he will suffer irreparable harm. As Judge Bryant noted, Plaintiff failed to recently discuss his claimed symptoms with medical staff and, further, has evidently lived with his alleged symptoms for a significant amount of time. Furthermore, Plaintiff concedes that his claimed symptoms may end up being indicative of "nothing serious in the long term," thereby suggesting that, to date, he has not suffered any irreparable harm. Moreover, it appears that the requested injunctive relief is part of the relief sought by Plaintiff in his Second Amended Complaint, which makes the requested relief "particularly problematic."

Accordingly, The Court finds, as Judge Bryant did, that Plaintiff has failed to satisfy this element of the preliminary injunctive relief standard. Thus, this factor weighs in favor of denying the instant motion. Likewise, the Court notes that Plaintiff's failure to show irreparable harm is a sufficient basis on which to deny the instant motion. However, the Court will continue its discussion *arguendo*.

### C. Balance of Harms

Judge Bryant further found that in balancing the harm and the injury to Defendants if the preliminary injunctive relief is granted, the balance favors Defendants.

"In the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotation omitted). Courts "should not get involved unless either a constitutional

violation has already occurred or the threat of such a violation is both real and immediate." *Id.* at 521.

In coming to his conclusion concerning this factor, Judge Bryant noted that granting the requested preliminary injunctive relief would require the Court to interfere with the exercise of Defendants' medical judgment. Likewise, Judge Bryant observed that courts should grant such relief with great caution, noting that judicial restraint is called for with issues concerning prison administration.

In his objections, Plaintiff appears to argue that Defendants would suffer no harm if the preliminary injunctive relief is granted, as they would only be required to perform their current duties to diagnose and treat inmates. Plaintiff further argues that the requested preliminary injunctive relief would only be harmful if Plaintiff is found to have a serious medical need, as that would be detrimental to Defendant's defense of the present case.

Upon consideration, the Court agrees with Judge Bryant. As found above, Plaintiff has failed to demonstrate that he will suffer irreparable harm absent the requested injunctive relief. In contrast, if the Court were to grant the injunctive relief, it would be ordering a particular course of action by Defendants and thereby involve itself in the context of prison administration. Likewise, were the Court to grant the requested relief, it would be interfering with the provision of medical services in the prison context. Such interference would be improper under the current circumstances. Therefore, the Court finds that the harm to Defendants that would be caused by an injunction outweighs the harm Plaintiff would suffer absent an injunction.

Accordingly, the Court finds that Plaintiff has failed to establish that the balance of the harms weighs in favor of granting the requested relief. Thus, this factor favors denying the instant motion.

**D. Public Interest**

Judge Bryant found that the public interest does not favor the issuance of a preliminary injunction.

In making this determination, the Court must consider "both what public interests might be injured and what public interests might be served by granting or denying a preliminary injunction." *Sak v. City of Aurelia, Iowa*, 832 F. Supp. 2d 1026, 1046 (N.D. Iowa 2011) (citing *Sierra Club v. U.S. Army Corps of Eng'rs*, 645 F.3d 978, 997-98 (8th Cir. 2011)).

In coming to his conclusion, Judge Bryant noted that "federal courts do not sit to supervise state prisons" and that the administration of such facilities "is of acute interest to the States." ECF No. 92, p. 7 (quoting *Meachum v. Fano*, 427 U.S. 215, 229 (1975)). Likewise, Judge Bryant found that granting the requested relief "would amount to direct interference by the Court with the medical operation and administration" of the facility where Plaintiff is housed and that such interference would be harmful to Defendants and, therefore, not serve any public interest. In his objections, Plaintiff asserts that the public interest would be served by granting preliminary injunctive relief as it is in the public interest to protect constitutional rights and Defendants have a constitutional duty to provide Plaintiff with medical care.

Upon consideration, the Court agrees with Judge Bryant. Although it is certainly in the public interest to protect constitutional rights, the Court has already found that it is questionable whether Plaintiff will be able to establish that his constitutional rights have been violated. Furthermore, the Court notes that the public interest would not be served by judicial interference with the administration and operation of the state facility in which Plaintiff is incarcerated, especially in light of the Court's previous findings regarding likelihood of success on the merits, irreparable harm, and balance of the harms. Accordingly, the Court finds that the requested

injunctive relief would not serve the public interest and that the public interest favors denial of the instant motion.

Therefore, Plaintiff has failed to show that the public interest favors the granting of the proposed preliminary injunctive relief. Thus, this factor weighs in favor of denying the instant motion.

## CONCLUSION

Upon *de novo* review of the Report and Recommendation and of all issues related to Plaintiff's specific objections, and for the reasons discussed above, the Court agrees with Judge Bryant that Plaintiff has failed to meet his burden to warrant issuance of a preliminary injunction. Accordingly, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 92) *in toto*. Therefore, Plaintiff's Motion for Preliminary Injunction (ECF No. 76) is hereby **DENIED**.

**IT IS SO ORDERED**, this 19th day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge