# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HOT SPRINGS DIVISION

CHRISTOPHER EUGENE DE ROSSITTE                                              PLAINTIFF

v.                              Civil No. 6:17-cv-06043

CORRECT CARE SOLUTIONS, INC.; DR.
NANETTE VOWELL; and NURSE MELISSA L.
GIFFORD                                                                     DEFENDANTS

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed by Defendants Correct Care Solutions, LLC, Dr. Nannette Vowell, Andrea Beasley, Melissa Gifford, Gwendolyn Hart, Richard Morgan and Nichole Robinson. (ECF No. 97). Plaintiff Christopher Eugene De Rossitte has filed a response. (ECF No. 114). Defendants have filed a reply. (ECF No. 116). Plaintiff has filed a sur-reply. (ECF No. 123). The Court finds this matter ripe for consideration.

### I. BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit. Plaintiff filed his initial Complaint on May 4, 2017. (ECF No. 1). The following day, the Court ordered Plaintiff to file an Amended Complaint to state his claims against each Defendant with factual specificity on the Court's approved § 1983 form. (ECF No. 7). On June 12, 2017, Plaintiff filed an Amended Complaint but failed to use the Court's form as directed to clearly indicate what claim Plaintiff was making against each Defendant. (ECF No. 11). On August 21, 2017 the Court directed Plaintiff to file a Second Amended Complaint on the court-approved § 1983 form. (ECF No. 13).

Plaintiff filed a Second Amended Complaint on September 5, 2017, naming Correct Care

Solutions, Inc. ("CCS"), Dr. Nannette Vowell, Nurse Melissa L. Gifford, Andrea Beasley, Gwendolyn Hart, Richard Morgan, Rory Griffin, Wendy Kelly, and Nichole A. Robinson as Defendants. (ECF No. 14). He asserted claims based on denial of medical care, retaliation, discrimination under the Americans with Disabilities Act, and a claim under state law for medical injury. *Id.* Plaintiff's claims against Defendant Kelley and the claim regarding the Americans with Disabilities Act were dismissed on April 19, 2018. (ECF No. 67). On October 25, 2018, Plaintiff's claims against Rory Griffin, Gwendolyn Hart, Andrea Beasley, Richard Morgan, and Nicole Robinson were also dismissed. (ECF Nos. 120, 121). The only remaining Defendants in this lawsuit are CCS, Vowell and Gifford.

In his Second Amended Complaint, Plaintiff alleges CCS, Vowell, and Gifford denied him adequate medical care in violation of the Eighth Amendment. Specifically, he claims:

> The plaintiff, for over two and half years, has and continues to suffer from a frequently debilitating and always painful condition (likely a bacterial infection, MRSA). Symptoms include many NEVER addressed by ANY CCS staff person despite dozens and dozens of sick calls, requests and grievances: constant pain in tissues of face and head; Frequent, usually daily headaches, mild to severe; excessive thirst; difficulty swallowing; recurrent boils and bumps on face; recurrent swelling of eyelids; earaches; muscle weakness and pain; shortness of breath, persistent and recurrent rashes; urine irregularities; poor blood work labs; bouts of nausea. And also includes a few INEFFECTIVELY addressed symptoms: constant eye pain and irritation; build-up of irritants under eyelids resulting in sleep deprivation; blurred, cloudy and dimmed vision; constant sinus trouble; recurring cough; recurring sore throat; edema on arms. Possible long-term health issues and permanent vision damage may already have resulted.

(ECF No. 14, pp. 4, 8). Plaintiff further alleges that Defendant Vowell has "repeatedly been informed of and seen [him] for these symptoms listed above and refused to diagnose, order reasonable diagnostic tests or seek to remedy [his] pain and suffering[.]" *Id.* Plaintiff also states that Defendant Gifford has "repeatedly refused to address or acknowledge [his] pain and suffering

noted above and, refused to act upon it." *Id.*

Plaintiff also asserts a retaliation claim against Defendants Vowell and Gifford. He alleges Defendant Vowell retaliated against him for seeking "redress and legal action" and "refused to renew or rescind necessary medications and medical authorizations others then had to restore[.]" He states that Defendant Gifford retaliated against him for seeking "redress" by casting "aspersions upon his character with false statements and further denied medical care." *Id.* at p. 5. Plaintiff also asserts a claim under state law for medical injury. He states that the conduct of Defendants Vowell and Gifford described in his claims for denial of medical care and retaliation constitute medical injury under state law.

On August 20, 2018, Defendants filed the instant Motion for Summary Judgment stating that Plaintiff failed to exhaust his available administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") "as to many of his claims . . . and Plaintiff's unexhausted claims . . . should be dismissed without prejudice on that basis." (ECF No. 97). Plaintiff filed a response arguing Defendants' motion should be denied because Defendants did not identify which claims Plaintiff failed to exhaust and he did in fact exhaust his remedies. (ECF Nos. 112, 113).

Between March 1, 2015, and April 22, 2017, Plaintiff submitted seventy-four formal medical grievances.[1] Defendants concede that Plaintiff completed the grievance process on twenty-six of these medical grievances and provide summaries of these grievances. (ECF No. 98, pp. 4-5). Defendants do not provide the Court with any summary of the content of the other forty-eight grievances that they claim Plaintiff failed to exhaust.

---

[1] These grievances encompass two-hundred-and-forty-nine pages. (ECF No. 98-2).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. DISCUSSION

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). The "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

The ADC's inmate grievance policy requires an inmate to complete and submit a Unit Level Grievance Form within fifteen days after the occurrence of the incident and to include the date that the Unit Level Grievance Form is being completed. The policy also requires an inmate to be specific as to the substance of the issue and include the date, place, personnel involved or witnesses. (ECF No. 98-1). After receiving a Unit Level Grievance Decision, an inmate must lodge an appeal to the Deputy Director for Health and Correctional Programs within five working days. *Id.* The grievance policy requires that an inmate appeal a medical grievance to the Deputy Director for Health and Correctional Programs in order to complete the grievance process. In addition, the ADC's grievance policy informs inmates that the PLRA requires that inmates must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit.

Defendants CCS, Vowell, and Gifford argue that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies as to "many" of his claims

prior to filing this action and therefore Plaintiff's unexhausted claims should be dismissed. However, Federal Rule of Civil Procedure 56(a) explicitly states: "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Thus, Defendants are required to identify the claims on which they are seeking summary judgment in order to prevail on their motion.

Upon consideration, the Court finds that Defendants have failed to establish that summary judgment is appropriate. Defendants have not identified any of the claims on which they seek summary judgment as required by Federal Rule of Civil Procedure 56(a). It is not the Court's responsibility to sift through two-hundred-and-forty-nine pages of grievances and decide which of Plaintiff's claims have not been exhausted. Fed. R. Civ. P. 56(c)(1); *Rodgers v. City of Des Moines*, 435 F.3d. 904, 908 (8th Cir. 2006) (stating without some guidance, the court will not go through a summary judgment record searching for facts to support a party's arguments). Accordingly, the instant motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion for Summary Judgment (ECF No. 97) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 20th day of December, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge