IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER EUGENE DE ROSSITTE                               PLAINTIFF

v.                             Civil No.6:17-cv-06043

CORRECT CARE SOLUTIONS, INC., DR.
NANETTE VOWELL, and NURSE
MELISSA L. GIFFORD                                            DEFENDANTS

## ORDER

This is a civil rights action filed by Christopher Eugene De Rossitte pursuant to 42 U.S.C. § 1983. Currently before the Court are Plaintiff's Motion for Sanctions (ECF No. 127) and Motion to Compel Retention of Documents. (ECF No. 129). Defendants have filed a Response in opposition to the Motion for Sanctions. (ECF No. 134). Defendants have not filed a Response to the Motion to Compel Retention of Documents and the time to do so has passed. The Court finds these matters ripe for consideration.

## BACKGROUND

Plaintiff seeks sanctions for Defendants alleged failure to comply with the Court's orders concerning production of certain discovery materials. (ECF Nos. 80, 122). On July 9, 2017, the Court granted Plaintiff's Motion to Compel (ECF No. 74) and ordered Defendants to produce the following documents and other information to Plaintiff:

1) The names and addresses of potential witnesses Defendants intend to call at trial and a short description of the nature of their testimony.

2) Internal responses or other documents related to the Plaintiff's August 2016 letter to CCS.

3) The full text of ADC HSP 800.00.

4) All eOmis medical records and documents and other electronic documents concerning the Plaintiff from November 1, 2013 until the present.

5) Internal and external communication concerning Plaintiff's medical care from November 1, 2013 until the present.

6) Blood lab reports for Plaintiff from November 1, 2013 until the present.

7) ADC Health Services Request Forms relating to Plaintiff from November 1, 2013 until the present.

8) ADC Request Forms marked "medical" from November 1, 2013 until the present relating to Plaintiff.

9) The contact address for and medical documents generated by Dr. Kristin Law regarding her December 16, 2016, examination of Plaintiff.

10) The contact address for and medical documents generated by Dr. Thomas Moseley regarding his January 27, 2017, examination of the Plaintiff.

11) List of state or federal sanctions, fines, criminal charges or other court imposed settlements or injunctions against or involving CCS over the last 3 years which are based on similar allegations made by Plaintiff in the prison setting for denial of medical care.

12) List of complaints filed against Defendant Vowell with the State of Arkansas Physician's Board over the last 3 years which are based on similar allegations made by Plaintiff in the prison setting for denial of medical care.

13) Copies of any record or document in which Defendant Vowell curtails or discontinues any treatment or medication for the Plaintiff between November 1, 2013 until the present.

14) Any document generated or added to by Defendant Vowell suggesting the Plaintiff is delusional, a malingerer or a hypochondriac or any discussion of his mental health between November 1, 2013 until the present.

15) Physician notes, electronic or otherwise, concerning the Plaintiff between November 1, 2013 until the present.

16) List of complaints filed against Defendant Gifford with the State of Arkansas Nursing board over the last 3 years which are based on similar allegations made by Plaintiff in the prison setting for denial of medical care.

> 17) Any document generated or added to by Defendant Vowell [Gifford] suggesting the Plaintiff is delusional, a malingerer or a hypochondriac or any discussion of the Plaintiff's mental health.

(ECF No. 80).[1]

Specifically, Plaintiff contends that Defendants have not provided him with emails relating to Plaintiff from Defendants Gifford and Vowell. Plaintiff also claims Defendants have not produced all medical records requested and some of the records appear to have been altered. (ECF No. 127, pp. 1-2). Plaintiff asks "of the Court whatever remedy it may see fit to rectify the ongoing harm to the Plaintiff's case." *Id.* at p. 3. Plaintiff also asks the Court to enter an order to compel Defendants to retain documents because "Defendants have, on at least one occasion, with deliberate intent, expurgated a document harmful to the Defense from material turned over to the Plaintiff." (ECF No. 129, p. 1).

## APPLICABLE LAW

Federal courts possess certain inherent powers, including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Under Federal Rule of Civil Procedure 37(b)(2)(A), the district court may impose sanctions for discovery violations. The Eighth Circuit Court of Appeals has made clear that a sanction for destruction of evidence requires a finding of intentional destruction indicating a desire to suppress the truth, *i.e.*, bad faith. *Rattray v. Woodbury County, Iowa*, 761 F. Supp. 2d 836, 845 (N.D. Iowa 2010) citing *Menz v. New Holland North Am., Inc,* 440 F.3d 1002, 1006 (8th Cir. 2006).

---

[1] Defendants appealed the Court's decision granting Plaintiff's Motion to Compel. (ECF No. 90). On November 9, 2018, the Honorable Susan O. Hickey, United States District Judge, affirmed the Court's decision ordering production of documents and other information. (ECF No. 122).

## DISCUSSION

1. **Emails from Defendants Gifford or Vowell**

Plaintiff claims Defendants failed to produce emails from Defendants Gifford and Vowell regarding Plaintiff's medical care. In his motion Plaintiff states:

> In the emails provided following the Court's November 9th 2018 Order, NONE were from or to the two principal players in this action, Melissa Gifford and Nannette Vowell while all less significant (and no longer defendants) person were represented. It greatly strains credulity to suggest those two with the greatest interactions and with the greatest number of grievances filed against them, unlike lesser participants, had absolutely NO communications concerning the Plaintiff.

*Id.* Plaintiff also claims two "nurses on multiple occasions informed the Plaintiff that had email communication to and from Vowell concerning the Plaintiff". *Id.* at p. 2.

Defendants represent to the Court they have provided all emails in their possession to Plaintiff. (ECF No. 134, p. 1). Other than his unsupported assertion, Plaintiff has not provided the Court with any evidence - such as affidavits from the nurses who purportedly told him about the emails - to support his assertions that emails exist which have not been produced by Defendants. A party cannot produce items they do not possess. Accordingly, Plaintiff's request for sanctions regarding alleged missing emails to and from Defendants Gifford and Vowell is denied.

2. **Medical Records**

Plaintiff claims Defendants have failed to produce all the medical records requested and have altered some of the records they have produced. Specifically, Plaintiff states:

> … Defendants have already, likely inadvertently, provided evidence of either the concealing of, or destruction of, documents ordered produced by the Court. As proof the Plaintiff submits as exhibit [1] pages 185-186 & 729-730 of the

4

> Defendants July 23rd production following the Court's initial Order (ECF 90).[2] These documents should be by design, and by the Defense's assertion, substantively the same; that is presenting the same information, but in different formats. The Court may note for itself these time-sequential documents are NOT presenting the same information. Specifically Dr Daniel's August 7th, 2017 meeting with the Plaintiff, in the run of 'Condensed Health Service Encounter' (in which he refers to the Plaintiff as 'delusional'), pgs 729-730, has been removed from the run of 'Medical Patient Treatment Received', pgs 185-186. (Not a Bene: the former runs temporally reversed while the latter progresses normally.) Though the other entries before and after correspond exactly.
>
> Additionally, in Dr. Daniel's entry, under 'O NOTES' is the remark 'See CCC PE form:'. As this refers to yet other documents, of a type NEVER provided to the Plaintiff, the Defendants have intentionally, and clearly to avoid handing over to the Plaintiff potentially very damaging materials, not complied with the Court's previous order having concealed such from the Court and the Plaintiff.

(ECF No. 127, p. 2). Plaintiff also asserts the same claim in his Motion to Compel Retention of Documents. (ECF No. 129, p. 1-2).

Defendants represent to the Court in their Response to the Motion for Sanctions they have provided Plaintiff with medical records as directed by the Court. (ECF No. 134). On July 24, 2018, Defendants sent Plaintiff 1,781 pages of Bates-numbered medical records to Plaintiff. On August 6, 2018, Defendants sent Plaintiff an additional 79 Bates-numbered pages of records which included medical records and other documents. Then, on November 16, 2018, Defendants supplemented their discovery responses to provide additional information ordered by this Court. (ECF No. 127-3). On November 29, 2018, Plaintiff wrote defense counsel raising issues relating to the production of his mental health records. (ECF No. 127-2). On January 31, 2019, Defendants sent Plaintiff 405 Bates-numbered pages of mental health records. (ECF No. 134, p. 2).

---

[2] The Court suspects Plaintiff intended to cite (ECF No. 80). This order granted Plaintiff's Motion to Compel. (ECF No. 74).

The Court finds there is no evidence to suggest the documents produced by Defendants and attached to Plaintiff's motion as Exhibit 1 (ECF No. 127-1) are incomplete or have been altered. Bates page numbers 185 and 186 are entitled Medical Patient Treatment Received and contain a summary of Encounter Notes entered by various nurses. (ECF No. 127-1, pp. 1-2). Bates page 186 contains entries made by Defendant Gifford documenting the dispensing of hearing aid batteries to Plaintiff on August 8, 2017, and an entry for August 10, 2017 for a medication renewal for Plaintiff for Simethicone.[3] *Id.* Bates page numbers 729 and 730 appear to be more in-depth descriptions of encounters. The encounters include one on August 8, 2017 describing the hearing aids provided to Plaintiff by Defendant Gifford and a description of Plaintiff's encounter for a "Chronic Care Visit (Provider)" on August 7, 2018 where he was seen and evaluated by "Daniel, Thomas Nathan, MD". (ECF No. 127-1, pp. 2-3). The Court is unable to find any inconsistencies between any of the Bates numbered pages indicating Defendants have withheld or altered any documents.

Finally, Plaintiff points to the reference on Bates number page 729 to "See CCC PE form" and claims Defendants failed to produce these documents. (ECF No. 127, p. 2). This claim is without merit. Defendants have provided evidence to the Court demonstrating the "Clinician's Chronic Care Form" records, referred to by Plaintiff as missing records "CCC PE form", have been provided to Plaintiff as Bates numbers 488-493. (ECF No. 134-1).

---

[3] The Court notes Plaintiff has not made any claim in this lawsuit relating to his hearing aids or the dispensing of the medication Simethicone.

## CONCLUSION

For the reasons set forth above, I find Defendants have complied with the Court's orders to produce discovery. Accordingly, Plaintiff's Motion for Sanctions (ECF No. 127) and Motion to Compel Retention of Document (ECF No. 129) are **DENIED**.

**IT IS SO ORDERED this 26th day of February 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE