IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER EUGENE DE ROSSITTE                                          PLAINTIFF


v.                              Civil No. 6:17-CV-6043-RTD-BAB


CORRECT CARE SOLUTIONS, INC.
DR. NANETTE VOWELL, and NURSE
MELISSA L. GIFFORD                                                      DEFENDANTS


**ORDER**

Now before the Court are Plaintiff's Motion to Reconsider (ECF No. 147) the Order of

United States Magistrate Judge Barry A. Bryant denying Plaintiff's Motion for Clarification;

Plaintiff's Motion to Reconsider (ECF No. 148) the Magistrate's Order granting in part and

denying in part Plaintiff's Motion to Compel; and Plaintiff's Motion to Reconsider (ECF No. 149)

the Magistrate's Order denying Plaintiff's Motion for Sanctions. The Court finds the matters ripe

for consideration.


**I. BACKGROUND**

This case has a very long, detailed, and complex procedural history. Because it is important

to understand what brought us to this juncture, the Court will undertake to summarize case events

from the beginning. Plaintiff, Christopher Eugene De Rossitte, an indigent litigant representing

himself, is presently an inmate of the Special Needs Unit at Ouachita River Correctional Unit, a

prison facility run by the Arkansas Department of Correction (ADC). Plaintiff filed a 133 (one

hundred, thirty-three) page Complaint setting out in narrative form allegations covering a period

of more than three years against thirteen named Defendants (Compl., ECF No. 1). Plaintiff alleges

constant, years-long suffering from conditions and ailments that were ignored or ineffectively treated by prison medical clinic staff despite his tireless and persistent complaints. Plaintiff alleges retaliatory action has been taken against him for complaining and filing grievances about his situation; and that persons in power with knowledge of his suffering failed to act. Upon an initial review of the Complaint,[1] Plaintiff was ordered to file an Amended Complaint using the court approved §1983 complaint form to clearly state "his claims against each Defendant with factual specificity" and indicate what claim he was making against each defendant. (Order 1, May 5, 2017, ECF No. 7.) Plaintiff was provided a Prisoner Litigation Guide and the court-approved complaint form.

Thereafter, Plaintiff filed a 170-page Amended Complaint (Am. Compl., June 12, 2017, ECF No. 11) seeking damages for denial of medical care in violation of the Eighth Amendment; retaliation in violation of the First Amendment; denial of equal access under the Americans with Disabilities Act; medical malpractice and negligence; and violation of Health Insurance Portability and Accountability Act. Because he did not amend his complaint using the "court-approved complaint form to clearly state how each named Defendant violated his federal constitutional

---

[1] Local Rule 72.1 § VIII.B Reference – Prisoner Petitions
A Magistrate Judge shall have the following responsibilities with regard to prisoner petitions:
1. Review of prisoner correspondence and petitions concerning 28 U.S.C. Sec. 2241, 28 U.S.C. Sec. 2254 and 42 U.S.C. Sec. 1983 matters;
2. Review of prisoner correspondence and petitions concerning conditions of confinement with are submitted by federal prisoners;
3. Preparation and distribution of forms required by the Rules Governing Sec. 2254 Cases (28 U.S.C. Sec. 2254);
4. Entry of orders authorizing the petitioner to proceed in forma pauperis without the prepayment of costs or fees;
5. Issuance of all necessary orders to answer or to show cause or any other necessary orders or writs to obtain a complete record;
6. Taking of depositions, conducting pretrial conferences, and conducting evidentiary hearings or other necessary proceedings in order to obtain a complete record.

rights," Plaintiff was directed to file a Second Amended Complaint using the approved form and limiting the complaint to a total of ten (10) pages. (Order 1, Aug. 21, 2017, ECF No. 13.)

Plaintiff's 138-page Second Amended Complaint (including 127 pages of attached grievances), was filed on or about September 5, 2017 alleging four claims for relief against nine named defendants: denial of medical care in violation of the Eighth Amendment; retaliation in violation of the First Amendment; denial of medical care in violation of the Eighth Amendment and the Americans with Disabilities Act; and medical injury under Arkansas state law. The named defendants are Correct Care Solutions, Inc. (CCS), Nannette Vowell, Melissa L. Gifford, Andrea Beasley, Gwendolyn Hart, Richard Morgan, Rory Griffin, Wendy Kelly, and Nichole A. Robinson. (Second Am. Compl., Sept. 5, 2017, ECF No. 14.) Specifically, Plaintiff alleges:

> The plaintiff, for over two and half years, has and continues to suffer from a frequently debilitating and always painful condition (likely a bacterial infection MRSA). Symptoms include many NEVER addressed by ANY CCS staff person despite dozens and dozens of sick calls, requests and grievances: constant pain in tissues of face and head; Frequent, usually daily headaches, mild to severe; excessive thirst; difficulty swallowing; recurrent boils and bumps on face; recurrent swelling eyelids; earaches; muscle weakness and pain; shortness of breath, persistent and recurrent rashes; urine irregularities; poor blood work labs; bouts of nausea. And also includes a few INEFFECTIVELY addressed symptoms: constant eye pain and irritation; build-up of irritants under eyelids resulting in sleep deprivation; blurred, cloudy and dimmed vision; constant sinus trouble; recurring cough; recurring sore throat; edema on arms. Possible long-term health issues and permanent vision damage may already have resulted.

(Second Am. Compl. 4, 8.) Upon review, the Court entered an order directing service of the Second Amended Complaint (Order Directing Service, Oct. 5, 2017, ECF No. 16).

Defendant Wendy Kelley is Director of the Arkansas Department of Correction, and Defendant Rory Griffin is Deputy Director. Defendants Griffin and Kelley (the ADC Defendants) filed a Motion to Dismiss on grounds that Plaintiff's § 1983 claim for money damages against state officials acting in their official capacities is barred by the Eleventh Amendment. In addition, Defendants asserted Plaintiff did not request "precise" injunctive relief from them in their official

capacities; Defendant Griffin is entitled to qualified immunity as to the individual capacity claims against him; and Plaintiff failed to state a claim for relief under the ADA. (Defs' Mot. to Dismiss, Oct. 30, 2017, ECF No. 20.)

On November 13, 2017, Plaintiff filed a pleading captioned "Motion for Declaratory Relief" wherein he made additional allegations against various Defendants and stated "that ONLY due to the Court imposed restriction of length, and for no other reason, Plaintiff was unable to include under §VII Relief, of that form, nor in the three supplemental pages, the perspective [sic] Declaratory Relief the Plaintiff seeks." By his motion, Plaintiff sought declaratory judgment requiring the ADC be held accountable for oversight of medical services. Plaintiff also sought declaratory judgment finding that ADC Defendants Kelley and Griffin acted with deliberate indifference to the violation of Plaintiff's 8th Amendment rights; that CCS is contractually obligated and "not at liberty to disregard, refuse to diagnose or decline to treat" Plaintiff's afflictions; that the refusal of Defendant's Vowell and Gifford to diagnose and treat Plaintiff's symptoms over a two year period despite numerous and persistent requests is a continuing violation of Plaintiff's 8th Amendment rights; that Defendants Vowell and Gifford violated his 1st Amendment rights by "their many retaliatory actions and efforts attempting to punish and silence the Plaintiff for speaking out"; that the actions of Defendants Vowell and Gifford constitute "medical injury, as malpractice and neglect, under Arkansas state law;" that Plaintiff's hearing aid is recognized under the ADA as disability support device necessary for Plaintiff's daily activities and is not a luxury or privilege to be arbitrarily withheld; that Plaintiff is entitled to reasonable access to his medical records including a wheelchair accessible area with an open surface upon which Plaintiff may work; that Defendant's documents may not be withheld arbitrarily; and that

Plaintiff shall not face retaliatory action or negative treatment from Defendants as a result of this legal action. (Pl.'s Mot. Declaratory Relief 2-4, Nov. 13, 2017, ECF No. 26.)

Upon review, the Magistrate determined it was appropriate to refile the Motion for Declaratory Relief as a Supplement to Plaintiff's Second Amended Complaint. (Pl.'s Suppl. to Second Am. Compl, Nov. 14, 2017, ECF No. 28.) All named Defendants responded to the Supplement. (ADC Defs' Response to Pl.'s Suppl. Second Am. Compl, Nov. 27, 2017, ECF No. 31; Defs' Answer, Nov. 28, 2017, ECF No. 32.)

Plaintiff thereafter filed a Response to the ADC Defendants' Motion to Dismiss (Pl.'s Resp. to Defs' Mot. to Dismiss, Dec. 7, 2017, ECF No. 36); the ADC Defendants replied (Defs.' Reply to Resp. to Mot., Dec. 14, 2017, ECF No. 38); and Plaintiff filed a sur-reply (Pl.'s Resp., Jan. 23, 2018, ECF No. 44). Upon review by United States District Judge Susan O. Hickey, the Motion to Dismiss was granted in part and denied in part. Plaintiff's official capacity claims against the ADC Defendants for denial of medical care and the individual and official capacity claims against separate Defendant Griffin based on the ADA were dismissed with prejudice. Plaintiff's individual capacity claim against separate Defendant Griffin for denial of medical care was not dismissed. Lastly, Plaintiff's request for declaratory relief against the ADC Defendants was denied on grounds that the requested relief was improper. (Order, April 19, 2018, ECF No. 67.)

Plaintiff filed a Motion for Preliminary Injunction asking the Court to "immediately remedy the undue suffering the Plaintiff continues to face in direct violation of the Eighth Amendment…." (Pl.'s Mot. Prelim. Inj. 1, Dec. 22, 2017, ECF No. 39.) In the Motion for Preliminary Injunction, Plaintiff requests that he be tested for MRSA and be given an appropriate course of treatment; that Defendants Vowell and Gifford be prohibited from making any medical

decisions, recommendations or examinations regarding Plaintiff; and that Plaintiff's medical needs be addressed by other available day clinic staff (Mot. Prelim. Inj. 7-8, ECF No. 39). Plaintiff also requests to "arrange to have a correctional officer (preferably one known to the Plaintiff to be of exceptional trustworthiness and good character . . .) to be present at all times during the collection, packaging and transfer of samples, maintaining observation of those to be sent to a lab…" (*Id*. at 10, ECF No. 39). Defendants filed Responses in Opposition to the motion, (ADC Defs.' Resp. Opp'n Mot. Prelim. Inj., Jan. 5, 2019, ECF No. 40; Resp. Opp'n Mot. Prelim. Inj., Jan. 5, 2019, ECF No. 42), and Plaintiff filed a Reply to the Responses (ECF No. 45). On February 9, 2018, the Court mistakenly ordered the Clerk to re-file the Supplement (ECF No. 28) as a Motion for Declaratory Relief. It was so filed (ECF No. 48), and Defendants filed Responses in Opposition (ADC Defs' Response to Pl.'s Mot. for Declaratory Relief, Feb. 21, 2018, ECF No. 50; Response to Pl.'s Mot. for Declaratory Relief, Feb. 21, 2018, ECF No. 51). On March 26, 2018, the Motion for Declaratory Relief (ECF No. 48) was denied as moot and the Order refiling the Supplement as a Motion for Declaratory Relief was withdrawn. (*See* Order, March 26, 2018, ECF No. 56.) The same day, the Magistrate issued a Report and Recommendation (ECF No. 49) recommending the Motion for Preliminary Injunction (ECF No. 39) be denied on the grounds that it was unlikely Plaintiff would be successful on the merits of his claims; that Plaintiff failed to demonstrate irreparable harm; the balance of equities favored the Defendants; and the issuance of an injunction would not serve any public interest. (Report, Feb. 9, 2019, ECF No. 49.)

Plaintiff filed timely written objections to the Magistrate's report and recommendation denying the preliminary injunction and conceded that, "AS WRITTEN [the] request for a preliminary injunction should be rejected on the grounds that it is excessively complex, makes multiple assumptions and would require an unnecessary level of Court intervention." Plaintiff

then goes on to state his specific objections to the report. First, Plaintiff does not just "disagree" with how the Defendants are providing care, Plaintiff asserts that a "majority of his symptoms have never been treated, diagnosed, discussed or in any way addressed by CCS medical staff." The few treatments that have been offered were largely ineffective. (Pl.'s Resp. to Report 1, Feb. 23, 2018, ECF No. 52) Second, Plaintiff objects to the finding his "symptoms do not appear to be the type of serious medical conditions which place him in danger of immediate harm." Plaintiff maintains that "further vision loss must be considered a very real possibility." Plaintiff believes his symptoms may all be explained by "a bacterial agent such as MRSA" which can be potentially life threatening. Plaintiff claims the medical staff deliberately ignore his symptoms and complaints and refuse any diagnostic test to rule out MRSA. Plaintiff also limits the requested injunctive relief to include ordering medical personnel to diagnose and treat symptoms not previously addressed; provide effective treatment for his eyes; and that Defendants Vowell and Gifford be "prohibited, for the duration of this case, from treating the Plaintiff based on prior acts of retaliation and a clear conflict of interest." *Id*. After a de novo review, United States District Judge Susan O. Hickey, adopted the Report and Recommendation in full, and Plaintiff's Motion for Preliminary Injunction was denied. (Order, April 20, 2018, ECF No. 72.) Judge Hickey advised Plaintiff if he "wishes for the Court to consider more limited injunctive relief he may so move, but the Court will not evaluate such requests when made in responsive pleadings." (*Id*. at 2)

In addition to his requests for declaratory and injunctive relief, Plaintiff also sought court intervention in discovery issues. Plaintiff filed a Motion Requesting Depositions Upon Written Questions (March 12, 2018, ECF No. 53) requesting to depose Thomas N. Daniel (CCS Day Clinic Physician); Defendant Gwendolyn Hart (former CCS Nurse/physician's assistant); Ms. Cannon

(CCS physician's assistant); Defendant Nannette Vowell (CCS physician); and Defendant Melissa Gifford (CCS nurse).  Defendants filed a Response in Opposition to the Motion.  (Defs' Resp. Mot. Requesting Dep., March 26, 2018, Doc. No. 57.)  The Motion was denied on grounds that Plaintiff failed to indicate his willingness or ability to pay the expenses associated with the requested discovery.  (Order, March 27, 2018, ECF No. 58.)

Plaintiff also filed a Motion for an Order to Compel Production of Documents from Defendant Correct Care Solutions, LLC (Mot. Compel CCS, March 16, 2018, ECF No. 54) seeking an order demanding production of all documents that had been properly requested and that Defendant CCS failed to provide.  Plaintiff filed an Addendum to the Motion to Compel to alert the Court to the fact that the Motion may be missing page three, and Plaintiff attached to the addendum a new page three to fill in the gap.  (Pl.'s Addendum to Mot. Compel CCS, March 26, 2018, Doc. No. 55.)  Defendant filed a Response to Plaintiff's Motion to Compel CCS (ECF No. 61) asserting that Plaintiff had failed to attempt to confer with Defense Counsel prior to filing the Motion as required by Local Rule 7.2(g).  In addition, Defendants' attorney advised the Court that he had written "a letter to the Ouachita River Unit medical staff on March 2, 2018, notifying them of Plaintiff's pending litigation and requesting that Plaintiff be able to regularly review his records" and specifically requesting that Plaintiff be provided access to printed copies of his electronic medical records.  (Defs' Resp. Mot. Compel CCS 2, ¶ 6, March 30, 2018, ECF No. 61.) The Magistrate Judge ruled that the Motion to Compel CCS should be denied because Plaintiff failed to show he made any effort to confer with Defendant before seeking court intervention. (Text Only Order, April 2, 2018, ECF No. 62.)

On April 10, 2018, eight days after the Order denying the Motion to Compel CCS was entered, Plaintiff filed a Reply to Defendant's Response to the Motion alleging that "a printed

copy of his eomis records" had not been added to his medical jacket as mentioned in Defense Counsel's letter, and that Defendant's objections to his discovery requests were unsupported and "flimsy." (Pl.'s Reply Mot. Compel CCS 1-2, April 10, 2018, ECF No. 63.) Plaintiff also advised the Court that on April 3, 2018 he had sent a letter to Defense Counsel attempting to resolve the discovery dispute. Plaintiff asked the Court to "merely stay a ruling until such time as Defense Counsel has had sufficient time to respond to the Plaintiff's letter…as the Plaintiff believes it highly unlikely the Defense will in any way alter its position or provide suitable justification for denying discovery." (Pl.'s Reply 1, ECF No. 63.)

While the Motion to Compel CCS was working its way through the Court, Plaintiff filed a Motion for an Order to Compel Response to Interrogatories and Production of Documents from Defendant Nannette Vowell (Mot. Compel Vowell, March 29, 2018, ECF No. 59) and a Motion for an Order to Compel Response to Interrogatories and Production of Documents from Defendant Melissa Gifford (Mot. Compel Gifford, March 29, 2018, ECF No. 60). By these motions, Plaintiff sought responses to the discovery he had served on Defendants Vowell and Gifford on January 30, 2018. Defendants Vowell and Gifford filed a Response to Plaintiff's Motions to Compel asserting that the motions were untimely and premature because Plaintiff had not attempted to confer with Defense Counsel before seeking Court intervention. (Defs' Resp. Mots. Compel, April 12, 2018, ECF No. 64.) The motions to compel were both denied on the grounds that "Plaintiff failed to show he made any effort to confer with Defendant(s) before filing…" (Text Only Orders, April 20, 2018, ECF Nos. 70, 71).

Not to be deterred, and on or about June 5, 2018, Plaintiff filed a Motion to Reassert Motions to Compel with Additional Argument alleging that the responses he received to the January 30, 2018 discovery served on Defendants Vowell and Gifford were "woefully incomplete"

even though Plaintiff had made efforts to confer with Defense Counsel through written correspondence on April 3, 2018 and again on May 8, 2018. (Pl.'s Mot. Reassert Mots. Compel, June 5, 2018, ECF No. 74.) Plaintiff contended that "despite dozens of requests and grievances, the Plaintiff was never provided all those documents he sought to view." *Id*. at 1. Plaintiff complained of the "extreme hindrance" encountered attempting to view the documents that were produced for his review, including limited viewing time and arbitrary viewing schedules. *Id*. at 3. Plaintiff asserted that his discovery requests were not "voluminous, [un]proportional, overly broad, outweighing utility, seeking attorney work product," and that Defendants' objections were not supported by any facts or explanation and should be overruled. *Id*. at 4. Finally, Plaintiff accused Defendants of "duplicity" and using "language intended to obfuscate and avoid." *Id*. At the end of his motion, Plaintiff once more set forth the specific documents and information he sought produced by Defendants CCS, Vowell and Gifford. *Id*. at 5-7.

In Response to Plaintiff's Motion to Reassert Motions to Compel, Defendants stood by their objections to Plaintiff's discovery requests arguing that the responses given were appropriate under the Federal Rules of Civil Procedure. (Def.'s Resp. Mot. Compel, June 19, 2018, ECF No. 75.) Defendants also pointed out that ADC policy strictly controls access to an inmate's Medical Records, "including when and where the inmate will review the Medical Record and the duration of the review session." ADC policy also states that an inmate "will not be provided with a copy of any part of his or her Medical Record, except for those forms where a copy is designated for the inmate, such as duty restrictions or diet restrictions." (Def's Resp. 2, ¶ 6 (citation omitted)). Defendants allege Plaintiff has been provided appropriate access to his medical records in accordance with ADC policy, and "that the electronic medical records have been printed at Plaintiff's request and included in his medical jacket for Plaintiff to review." *Id*. at ¶ 7. Plaintiff

filed a Reply to Defendants' Response to his Motion to Compel. (ECF No. 79.) Finding Plaintiff's discovery requests were relevant, and that Defendants' objections were "conclusory and [did] not make any showing as to why the information requested should not be produced," the Magistrate Judge issued an Order granting Plaintiff's Motion to Reassert Motions to Compel wherein Defendants were directed to respond to Plaintiff's requests as specifically set forth on page five of the Order. (Order 4-5, July 9, 2018, ECF No. 80.)

While the discovery motions against Defendants CCS, Vowell, and Gifford were pending and referencing the Court's previous Order advising that he "could submit for the Court's consideration a motion requesting 'more limited injunctive relief," Plaintiff filed a second Motion for Preliminary Injunction. (Pl.'s Mot. Prelim. Inj, 1, July 5, 2018, ECF No. 76.) Plaintiff describes the requested relief as follows: "The medical Defendant CCS provide diagnosis and treatment for the persistent pain in the tissues of the Plaintiff's face and head." *Id*. at 4. Defendant Rory Griffin filed a Response in Opposition to the Motion (Resp. in Opposition, July 19, 2019, ECF No. 84), as did the Medical Defendants (Resp. in Opposition, July 19, 2019, ECF No. 85). Plaintiff replied to the Responses. (Pl.'s Reply, August 2, 2018, ECF No. 88.) On August 10, 2018 the Magistrate issued a Report and Recommendation concluding that the preliminary injunction should be denied. (Report and Recommendation, August 10, 2018, ECF No. 92.) Specifically, the Court found that Plaintiff had failed to show he suffered from an objectively serious medical need and did not demonstrate a likelihood of success on the merits. *Id.* at 4-6. In addition, Plaintiff failed to show that his alleged symptoms were the type of serious medical condition that placed him in danger of immediate harm. *Id.* at 6-7. Finally, the Court found that the balance of harm if the injunction is granted favored the Defendants and that an injunction

would not serve the public interest. *Id* at 7. Plaintiff timely filed written objections. (Pl.'s Obj. to Report and Recommendation, Aug. 27, 2018, ECF No. 103.)

While Plaintiff's discovery motions and the second motion for preliminary injunction were pending, Plaintiff filed three Motions for Subpoenas (ECF Nos. 77, 78, 82) seeking testimony of witnesses. The Court denied these motions as premature since discovery was ongoing. Plaintiff was advised that he could re-submit his motions to subpoena witnesses for trial if the case survived summary judgment. (Order, July 9, 2018, ECF No. 81; Order, July 12, 2018, ECF No. 83.)

On July 23, 2018, in response to the Order (ECF No. 80) compelling production, Defendants filed a Motion for Extension of Time to Respond to the Court's Order Granting Plaintiff's Motion to Compel and for Extension of Time Within to Appeal to the District Court Pursuant to Federal Rules of Civil Procedure, Rule 72. (ECF No. 86.) This motion was granted, and Defendants were given until August 6, 2018 to file objections to the Order granting Plaintiff's Motion to Reassert Motions to Compel. (Order, July 24, 2018, ECF No. 87.)

The Medical Defendants filed an appeal to the District Court of the Order Granting Plaintiff's Motion to Reassert Motions to Compel. (Appeal of Magistrate Judge Decision, August 6, 2018, ECF No. 90.) Claiming he did not receive a certified copy of the Appeal allegedly mailed to him by Defense Counsel, Plaintiff filed a Motion to Stay Ruling on Defendants' Appeal, asking for an additional 14 days to file a response. (Pl.s' Mot. to Stay Ruling of Defs' Appeal, Aug. 21, 2018, ECF No. 101.) Believing that Plaintiff was seeking an extension of time to respond the Appeal, the Magistrate denied the motion for stay, and Plaintiff was given until September 5, 2018 to file a response. (Order, Aug. 22, 2018, ECF No. 102.) Plaintiff made a second request for additional time to respond to the appeal (Pl.'s Mot. Extend Time, August 29, 2018, ECF No. 104), and the motion was granted by order entered August 30, 2018 (ECF No. 105). Plaintiff was given

until September 10, 2018 to file his response, and he met this deadline. (Pl.'s Obj. Defs' Appeal, Sept. 7, 2018, ECF No. 108.) On November 9, 2018, United States District Judge Susan O. Hickey, affirmed the Magistrate's Order Granting Plaintiff's Motion to Compel, and the appeal was dismissed. (Order, Nov. 9, 2018, ECF No. 122.)

On August 6, 2018, the ADC and Medical Defendants filed a Joint Motion to Extend the discovery deadline to 60 days after the Court issued a ruling on motions for summary judgment for want of administrative exhaustion that the Medical and ADC Defendants each planned to file before the end of the month. (Defs.' Joint Mot. Extension Time, August 6, 2018, ECF No. 89.) Defendants also requested that Court extend the substantive dispositive motions deadline for ninety (90) days after the Court ruled on the as-yet-unfiled motions for summary judgment regarding exhaustion. The motion was granted and both deadlines were extended as requested. (Order, Aug. 7, 2018, ECF No. 91.)

Plaintiff's Opposition to the Defendants' Joint Motion to Extend was not received until after the Order granting the motion had already been entered. In his opposition, Plaintiff "vehemently" objected to the extension on the grounds that there was no good cause for the Defendants' delay in filing dispositive motions, and the delay would unduly prolong his suffering and allow for and encourage further retaliatory action. Plaintiff also sought 21 days to amend his complaint to add or join additional parties and request appointment of counsel. (Pl.'s Obj. to Mot. to Extend and Counter-Motion, August 17, 2018, ECF No. 93). By order entered September 4, 2018, the Court ruled the Plaintiff's objection was moot and the motion to amend to add or join additional parties was denied as untimely as the deadline to do so had passed before Plaintiff's motion was filed. (Order, Sept. 4, 2018, ECF No. 106.)

Separate ADC Defendant Rory Griffin filed a Motion for Summary Judgment asserting that Plaintiff failed to exhaust his administrative remedies. (Griffin Mot. Summ. J., Aug. 20, 2018, ECF No. 94). The Medical Defendants filed their Motion for Partial Summary Judgment the same day, also alleging that Plaintiff had failed to exhaust available administrative remedies as to many of his claims against the Medical Defendants. (Med. Defs.' Mot. Partial Summ. J., Aug. 20, 2018, ECF No. 97.) The Court issued an order directing Plaintiff to file a Response to each Motion for Summary Judgment within 21 days. (Order, Aug. 21, 2018, ECF No. 100.) Plaintiff sought an extension of time to respond to the motions (Mot. to Extend, Sept. 7, 2018, ECF No. 107). Plaintiff's motion was granted, and he was given until October 2, 2018 to file responses to the Motions for Summary Judgment. (Text-Only Order, Sept. 10, 2019, ECF No. 109.)

Believing it would be prudent to conserve his resources and limit the proceedings to those he felt most culpable, Plaintiff filed a motion to dismiss separate Defendant Rory Griffin (Pl.'s Mot. Dism. Griffin, Oct. 2, 2018, ECF No. 110) and a motion to dismiss separate Defendants Andrea Beasley, Gwendolyn Hart, Richard Morgan, and Nichole Robinson (Pl.'s Mot. Dism. Med. Defs., Oct. 2, 2018, ECF No. 111). Plaintiff then filed a Response to the Medical Defendants' Motion for Summary Judgment (ECF No. 112).

Defendant Griffin filed a response to Plaintiff's motion to dismiss asking the court to grant the motion for summary judgment or in the alternative that the motion to dismiss be granted. (Resp. to Pl.'s Mot. to Dism. Griffin, Oct. 16, 2018, ECF No. 117.) By order entered October 25, 2018, the motion to dismiss Griffin was granted and Griffin's motion for summary judgment was denied as moot. (Order, Oct. 25, 2018, ECF No. 120.)

On October 9, 2018, the Medical Defendants filed a Response to Plaintiff's Motion to Dismiss Medical Defendants and Reply to Plaintiff's Response to Medical Defendants' Motion

for Partial Summary Judgment (ECF No. 116). Plaintiff filed a Motion for Extended Time to Respond to the Medical Defendants' Reply to the Plaintiff's Response to the Medical Defendants' Motion for Partial Summary Judgment. (ECF No. 118.) Plaintiff's request for an extension of time was granted, and Plaintiff was given until November 9, 2018 to file a response. (Text-only Order, Oct. 23, 2018, ECF No. 119.) The Court also granted Plaintiff's motion to dismiss separate Medical Defendants Beasely, Hart, Morgan and Robinson. (Order, Oct. 25, 2018, ECF No. 121.) Plaintiff's [Sur-]Reply to Defendant's Response to Plaintiff's Response to Medical Defendants' Motion for Partial Summary Judgment was filed on November 13, 2018. (ECF No. 123.)

Ruling on the motion, United States District Judge Susan O. Hickey found that between March 1, 2015 and April 22, 2017, Plaintiff submitted seventy-four formal medical grievances encompassing two-hundred-and-forty-nine-pages. Defendants conceded Plaintiff completed the grievance process on twenty-six of the grievances, but Defendants failed to identify with specificity which of Plaintiff's claims had not been exhausted. (Mem. Op. 3, December 20, 2018, ECF No. 126.) As it was Defendants' burden to identify the claims on which they sought summary judgment, and Defendants failed to carry their burden, the Motion for Summary Judgment was denied. (*Id*. at 6.)

On or about January 17, 2019, Plaintiff filed four additional motions: (1) Motion for Sanctions against Defendants alleging that they had failed to comply with the court's order compelling production of electronic communications concerning Plaintiff's medical care (Pl.'s Mot. for Sanctions, January 17, 2019, ECF No. 127.); (2) Motion to Stay Ruling on Claim #4 Until Constitutionality is Considered (ECF No. 128); (3) Motion to Compel Retention of Documents (ECF No. 129); and (4) Motion to Compel (ECF No. 130).

On January 18, 2019, Plaintiff's case was reassigned to this Court pursuant to administrative order. (Text Only Memo of Reassignment, Jan. 18, 2019, ECF No. 131.)

Plaintiff filed two more motions on January 31, 2019: (1) Motion to Appoint Counsel (ECF No. 132); and (2) Motion for Ruling on the Constitutionality of Arkansas Code 16-114-206 as Applied Hereinto and Relief Therefrom (ECF No. 133). On that same date, Defendants filed a Response in Opposition to Plaintiff's Motion for Sanctions (ECF No. 134), and the Court issued an order denying Plaintiff's Motion to Appoint Counsel (Text-Only Order, Jan. 31, 2019, ECF No. 135). Defendants also filed a Motion for Extension of Time to File Responses to Plaintiff's Motions to Compel (Defs.' Mot. Ext. Time, Jan. 31, 2019, ECF No. 136).

The next day, on February 1, 2019, Defendants' Motion for Extension of Time was granted, and Defendants were given until February 7, 2019 to file Response(s) to Plaintiff's Motions to Compel. (Text Only Order, Feb. 1, 2019, ECF No. 137.) Defendants timely filed their Response in Opposition to Plaintiff's Motion to Compel on February 7, 2019 (ECF No. 140). And on February 12, 2019, Defendants filed their Response in Opposition to Plaintiff's Motion for Ruling on Constitutionality of Arkansas Code (ECF No. 141).

On February 6, 2019, Plaintiff filed two more motions with the Court: (1) Motion for Extended Discovery (ECF No. 138); and (2) Motion Seeking Clarification as to why the case was reassigned (ECF No. 139). The Motion for Extended Discovery (ECF No. 138) was granted. (Order, Feb. 28, 2019, ECF No. 145.)

Finding that Plaintiff had failed to notify the Arkansas Attorney General of a constitutional challenge and because the case was still in the discovery phase, the Court ruled that it would be improper to address the constitutionality of portions of the Arkansas Medical Malpractice Act. Accordingly, both Plaintiff's Motion (ECF No. 128) to Stay Ruling and Plaintiff's Motion (ECF

No. 133) for Ruling on the constitutionality of the Arkansas Code section 16-114-206 were denied. (Order, Feb. 13, 2019, ECF No. 143.)

On February 13, 2019, the Court issued an Order Denying Motion for Clarification stating that the "Court is not required to explain to any litigant why a case is transferred from one judge to another. However, the transfer of this case had nothing to do with Plaintiff's deposition, but rather occurred with a reassignment of cases within the Hot Springs Division of this Court." (Order, Feb. 13, 2019, ECF No. 142.) Noting that Plaintiff had filed seven motions since the middle of January, and finding that the "continuous filing of motions, some of which are frivolous or duplicitous, is a waste of the Court's time and resources, prejudicial to Defendants, and impedes the resolution of this matter," the Court directed the Clerk of Court to "accept no further pleadings or motion from Plaintiff without prior approval or pursuant to Court Order." *Id.* Plaintiff was admonished that "further attempts to file duplicitous or frivolous pleadings could result in sanctions being imposed against him including dismissal of his claim." *Id.* Plaintiff filed an appeal of the Order Denying Motion for Clarification. (Pl.'s Mot. Recons., March 11, 2019, ECF No 147.)

The Magistrate Judge denied Plaintiff's Motion for Sanctions (ECF No. 127) and Motion to Compel Retention of Documents (ECF No. 129), finding Plaintiff had provided no evidence supporting his assertions that Defendants had withheld production of existing emails or that the documents produced by Defendants were incomplete or had been altered. (Order, Feb. 26, 2019, ECF No. 144.) Plaintiff filed an appeal of this order on March 13, 2019 (ECF No. 149).

Plaintiff's Motion to Compel (ECF No. 130) was denied in part with regard to several discovery requests because Plaintiff failed to meet his burden to demonstrate the relevance of the requested information or because the request was duplicative and repetitive and involved

information and documents already provided. Two of Plaintiff's requests for information related to medical issues not part of his complaint and were denied on grounds of relevance. (Order 5-6, March 4, 2019, ECF No. 146.) Three interrogatories requesting information about Defendant Gifford's separation of employment with CCS were found to be not relevant and denied. (*Id*. at 7-8.) The Court found that one request for information was duplicative and repetitive and involved documents not in possession of the Defendant. (*Id*. at 8.) Two requests for additional electronic documents were denied as cumulative and duplicative based on Defendants' representation that the requested documents had already been provided to Plaintiff. (*Id*. at 8-9.)

Plaintiff's Motion was granted in part regarding a few of the interrogatories. With regard to Interrogatory Nos. 2 and 3 submitted July 7, 2018, Defendants were ordered to produce "a list of 1983 lawsuits (including the disposition of each lawsuit) over the last 3 years which have proceeded to trial, or been settled prior to trial, against CCS in connection with the services they provide to the Arkansas Department of Correction involving allegations of denial of medical care in the prison setting with thirty (30) days…" (Order 10, March 4, 2019, ECF No. 146.) Request No. 3 submitted on July 7, 2018 was granted in part and Defendants were ordered to provide Plaintiff with the requested documents or identify the documents produced that are responsive to Request No. 3. (*Id*. at 11.) Plaintiff's Request No. 1 submitted to CCS on July 15, 2018 was granted in part and Defendants were ordered to produce "any policies or practices of CCS in place from November 1, 2013 to the present at the ORCU-SNU which seek to reduce the costs of providing medical care to inmates such as: reducing the number of prescriptions for medications, reducing the number of conditions considered 'chronic care,' reducing the number of blood labs, reducing the catalogue of approved medications and requiring sick calls to renew long-term

prescribed medications." (*Id.* at 13.) Plaintiff filed an appeal of this ruling on March 13, 2019 (ECF No. 148).

DISCUSSION

Plaintiff has requested relief from three separate orders of the Magistrate Judge: the February 13, 2019 Order Denying Motion for Clarification (ECF No. 142); the February 13, 2019 Order Denying Motion to Stay and Further Denying Motion for Ruling (ECF No. 143); and the February 26, 2019 Order Denying Motion for Sanctions and Denying Motion to Compel Retention of Document (ECF No. 144). Plaintiff captions each pleading as an appeal (ECF Nos. 147, 148, 149). The motions were docketed as Motions to Reconsider.

Federal Rules of Civil Procedure 72 provides: "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must…issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served. This district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).

Local Rule 72.1 is also instructive, providing in pertinent part:

In all matters delegated under authority of 28 U.S.C. §636(b)(1)(A), a Magistrate Judge's decision is final and binding and is subject only to a right of appeal to the District Judge to whom a case has been assigned. A party may appeal the Magistrate Judge's ruling by filing a motion within fourteen (14) days of the Magistrate Judge's decision…The motion shall specifically state the ruling excepted to and the basis for the exceptions. The District Judge shall affirm the Magistrate Judge's findings unless he finds them to be clearly erroneous or contrary to law.

Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, Rule 72.1 United States Magistrate Judges (Sept. 27, 2017).

### A. Motion to Reconsider Order Denying Plaintiff's Motion for Clarification (ECF No. 147)

Plaintiff appeals the Magistrate's Order Denying Clarification (Feb. 13, 2019, ECF No. 142) that directed the Clerk of Court to "accept no further pleadings or motions from Plaintiff without prior approval from the Court or pursuant to Court Order. Any motion or pleading filed by the Plaintiff without Court approval or Order shall be returned to him by the Clerk without filing." *Id*. The Magistrate Judge found that Plaintiff's "continuous filing of motions, some of which are frivolous or duplicitous, is a waste of the Court's time and resources, prejudicial to Defendants, and impedes the resolution of this matter." *Id*. Plaintiff was also warned "that further attempts to file duplicitous or frivolous pleadings could result in sanctions being imposed against him including dismissal of his claim." *Id*.

Upon receipt of this order, Plaintiff prepared and attempted to file a Request for Hearing dated February 21, 2019. It is unclear from the record when the Request for Hearing pleading was received for filing, but the Clerk of Court returned it to Plaintiff unfiled along with a cover letter explaining, "At the direction of Chambers I am returning your document unfiled. Please refer to the attached Order [142] sent 2/13/19 regarding future filings. Further, the Court is not eliminating you access to the Courts but rather is exercising its discretion to control its docket. Your case will proceed." (Pl.'s Mot. Recons. Ex. 2, March 11, 2019, ECF 147-2.)

Plaintiff prepared an Appeal of Ruling pleading dated March 5, 2019 and mailed March 8, 2019. This pleading was docketed as Plaintiff's Motion to Reconsider (Pl.'s Mot. Recons., March 11, 2019, ECF No. 147.) Specifically, Plaintiff objects to the order restricting his ability to file pleadings on the grounds that he is acting in good faith trying to represent himself and that he is

not familiar with "unwritten customs and policies" of the Court. Plaintiff apologizes "for offending the Court's sensibilities." (Pl.'s Mot. Recons. Ex. 1, ECF 147-1 at 1.) Plaintiff denies that his filings are duplicative and frivolous and maintains that all pleadings he has filed are "relevant and crucial" to his case. (*Id*. at 1-2.) Plaintiff implores the Court to accept that he "is only doing his level best to remedy his constant and ongoing suffering." (*Id*. at 2.)

Plaintiff's motion was accepted for filing and docketed on March 11, 2019 or twenty-six days after the Magistrate's decision of February 13, 2019. This means Plaintiff's appeal was not timely filed. However, Plaintiff's original pleading objecting to the Magistrate's decision was prepared on February 21, 2019, well within the fourteen-day time period for filing, and the pleading was rejected by the Clerk's office without noting the date of receipt. Due to the confusion, the Court will accept the original Request for Hearing pleading as timely filed on February 21, 2019 and the Appeal of Ruling pleading will relate back.

Moving on to the merits of Plaintiff's motion, the Court finds that Plaintiff offers neither law nor fact which would cause the Court to deviate from Order of the Magistrate Judge. The order is neither clearly erroneous nor contrary to law. It has long been held that "a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, ___ U.S. ___, ___, 136 S.Ct. 1885, 1891, 195 L.Ed.2d 161 (2016) (citing *Link v. Wabash R. Co*., 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). A district court's inherent powers are subject to certain recognized limits. First, the exercise must be a "reasonable response to the problems and needs" confronting the court's fair administration of justice; and "second, the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Degen v. United States*,

517 U.S. 820, 823-824, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996). These two principles support the conclusion that the Magistrate Judge acted well within his power when he issued the order restricting Plaintiff's ability to file pleadings in this case.

In the span of 21 days between January 17, 2019 and February 6, 2019, Plaintiff filed eight pleadings: Motion for Sanctions (ECF No. 127); Motion to Stay Ruling on Claim 4 Until Constitutionality is Considered (ECF No. 128); Motion to Compel Retention of Documents (ECF No. 129); Motion to Compel (ECF No. 130); Motion to Appoint Counsel (ECF No. 132); Motion for Ruling on Constitutionality of Arkansas Code 16-114-206 as Applied Hereinto and Relief Therefrom (ECF No. 133); Motion for Extended Discovery (ECF No. 138); Motion Seeking Clarification (ECF No. 139). Five of the motions were denied outright because the motions were unsupported by evidence or because Plaintiff failed to comply with statutory requirements in filing the motions or because the motions were improper. Two of the discovery motions were denied in part because Plaintiff's requests were not relevant or cumulative and duplicative. This is not to say that the Court doubts the sincerity of Plaintiff in filing the pleadings, rather the problem presented by the continuous filing of inadequately supported or improper pleadings is one of diminished judicial efficiency. In striving to be heard in this manner, Plaintiff has accomplished comparatively little to further a decision of the merits of his claims. In fact, the continuous filings have impeded and delayed the administration of justice in this case.

The Motion for Sanctions (ECF No. 127) was denied with the Magistrate finding that "Plaintiff has not provided the Court with any evidence…to support his assertions that emails exist which have not been produced by Defendants." (Order 4, Feb. 26, 2019, ECF No. 144.) In addition, the Magistrate found "no evidence to suggest the documents produced by Defendants…are incomplete or have been altered." (Order 6, ECF No. 144.)

Plaintiff's Motion to Stay Ruling on Claim #4 Until Constitutionality is Considered (ECF No. 128) was denied because Plaintiff failed to certify he provided appropriate notice to the Arkansas Attorney General of his intent to challenge the constitutionality of the statute in compliance with Arkansas code Annotated §16-111-111 (2017) requiring such notice. In addition, the motion was denied because the case was still in the discovery phase, and the "attempt to address the constitutionality of portions of the Arkansas Medical Malpractice Act at this point in this lawsuit is improper." (Order 2, ECF No. 143.)

Plaintiff's Motion to Compel Retention of Documents (ECF No. 129) was denied after the Court found no evidence to suggest the documents produced by Defendants were incomplete or had been altered. (Order 6, ECF No. 144)

Plaintiff's Motion to Compel (ECF No. 130) was granted in part and denied in part. The Defendants opposed Plaintiff's motion in part on the grounds that the summary of discovery requests set forth in the motion did not accurately reflect the discovery requests Plaintiff made of Defendants. The Court agreed and limited its review to the discovery requests actually made by Plaintiff. In the end, eight of eleven requests were denied on various grounds, including Plaintiff failed to establish relevance of the requested information; the request was not proportional to the needs of the case because Plaintiff sought information relating to medical issues that were not part of his Complaint; the request was duplicative and repetitive and involved documents and information previously provided by Defendants; the request was cumulative and duplicative and the information had already been provided; and the information had already been provided. Three requests were granted in part, and Defendants were ordered to provide the requested documents or identify which documents, previously produced, were responsive within thirty (30) days. (Order, March 4, 2019, ECF No. 146.)

The Motion to Appoint Counsel (ECF No. 132) was denied after finding Plaintiff's claims did not appear legally or factually complex, and Plaintiff was adequately prosecuting the case and capable of prosecuting his claims without counsel. (Text-Only Order, Feb. 1, 2019, ECF No. 137.)

Plaintiff's Motion for Ruling on Constitutionality of Arkansas Code § 116-114-206 (ECF No. 133) was denied for the same reasons as the Motion to Stay Ruling Until Constitutionality is Considered (ECF No. 128). Namely, Plaintiff failed to give notice to the Arkansas Attorney General, and it was improper to address constitutionality while the case was still in the discovery phase. (Order, Feb. 13, 2019, ECF No. 143.)

The Motion for Extended Discovery (ECF No. 138) was granted and Plaintiff was given an additional period of time to request medical records relating to an examination of his cornea performed on January 25, 2019, and "any medical records or related documentation not previously produced by Defendants relating to Plaintiff's cornea from November 1, 2013 to present." (Order, Feb. 28, 2019, ECF No. 145.)

The Motion Seeking Clarification (ECF No. 139) as to why this case was transferred to a different district judge was denied after the Court ruled that "it is not required to explain to any litigant why a case is transferred from one judge to another." The Order denying the Motion Seeking Clarification imposed the filing restriction from which Plaintiff takes this appeal. (Order, Feb. 13, 2019, ECF No. 142.)

Based on the foregoing, this Court cannot find the Order restricting Plaintiff's ability to file pleadings in this case is clearly erroneous or contrary to law. The majority of pleadings filed by Plaintiff providing the basis for the Magistrate's ruling were found to be unsupported by evidence, improper, cumulative or duplicative. The filing of these pleadings made it necessary for Defense Counsel to spend resources preparing responses in opposition and used up considerable

court time and resources reviewing the pleadings and preparing written orders. The wasteful use of resources has impeded the administration of justice in this case. Accordingly, the Order (ECF No. 142) of the Magistrate Judge is affirmed, and Plaintiff's Motion to Reconsider Order Denying Plaintiff's Motion for Clarification (ECF No. 147) is denied.

**B.   Motion to Reconsider Order on Plaintiff's Motion to Compel (ECF No. 148)**

Plaintiff appeals the Order of the Magistrate Judge granting in part and denying in part Plaintiff's Motion to Compel (Order, March 4, 2019, ECF No. 146). Plaintiff filed his first Motion to Compel on June 5, 2018 (ECF No. 74), and the motion was granted by the court (Order, July 9, 2018, ECF No. 80.) The Order was appealed by the Defendants (ECF No. 90) and, ultimately, the decision granting the motion to compel was affirmed by United States District Judge Susan O. Hickey. (Order, Nov. 9, 2018, ECF No. 122). The Defendants were ordered to produce a specific list of 17 items of information. (*Id*. at 2-3.)

Plaintiff filed the instant Motion to Compel, his second, on January 17, 2019 (ECF No. 130) asking the Court to compel production of information requested in discovery requests made on June 12, July 7, and July 15, 2018. Defendants filed a response in opposition (ECF No. 134.) The second Motion to Compel was granted in part and denied in part. (Order, March 4, 2019, ECF No. 146.) Plaintiff's motion was denied on grounds of relevance or because the requests were duplicative, repetitive, cumulative, overly broad and confusing, or involved documents and information previously provided to Plaintiff. *Id.* Plaintiff's appeal followed (Pl.'s Appeal, March 13, 2019, ECF No. 148.) Upon review of the record, this Court finds that Plaintiff has offered neither law nor fact that would cause the Court to find the Order is clearly erroneous or contrary to law. Accordingly, the Order (ECF No. 146) of the Magistrate Judge is affirmed, and Plaintiff's Motion to Reconsider Order Ruling on the Motion to Compel (ECF No. 148) is denied.

### C. Motion to Reconsider Order Denying Plaintiff's Motion for Sanctions (ECF No. 149)

Plaintiff filed a Motion for Sanctions (Mot. for Sanctions, Jan. 17, 2019, ECF No. 127) alleging Defendants failed to comply with the Court's orders concerning production of certain discovery materials and information by failing to produce emails and all medical records requested and by producing records that appeared to have been altered. Defendants filed a response in opposition (ECF No. 134). The Motion for Sanctions was denied after the Court found no evidence to support the assertions that Defendants withheld production of all relevant emails. (Order, Feb. 26, 2019, ECF No. 144.) With regard to the medical records, the Court found no evidence to suggest the documents produced were incomplete or had been altered. *Id.* Plaintiff appealed (Pl.'s Motion to Recons. Order on Mot. for Sanctions, March 13, 2019, ECF No. 149). Upon review of the record, this Court finds Plaintiff has presented neither law nor fact that would cause the Court to find the Order is clearly erroneous or contrary to law. Accordingly, the Order (ECF No. 144) of the Magistrate Judge is affirmed, and Plaintiff's Motion to Reconsider Order Ruling on the Motion for Sanctions (ECF No. 149) is denied.

CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff's Motion to Reconsider (ECF No. 147) the Magistrates Order denying Plaintiff's Motion for Clarification; Plaintiff's Motion to Reconsider (ECF No. 148) the Magistrate's Order granting in part and denying in part Plaintiff's Motion to Compel; and Plaintiff's Motion to Reconsider (ECF No. 149) the Magistrate's Order denying Plaintiff's Motion for Sanctions should be and hereby are DENIED.

Further, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The Order (ECF No. 142) of the Magistrate Judge denying Plaintiff's Motion for Clarification should be and hereby is AFFIRMED in its entirety. Unless otherwise

ordered, Plaintiff shall submit all proposed pleadings or motions to the Magistrate Judge for review and approval prior to filing, and the Court shall note the date of receipt. If a proposed pleading or motion is not approved and accepted for filing, it shall be returned unfiled to the Plaintiff along with a short and concise statement explaining the deficiency or problem. **Plaintiff is warned that further attempts to file duplicitous or frivolous pleadings could result in sanctions being imposed against him including dismissal of his claim.**

2. The Order (ECF No. 146) of the Magistrate Judge granting in part and denying in part Plaintiff's Motion to Compel should be and hereby is AFFIRMED;

3. The Order (ECF No. 144) of the Magistrate Judge denying Plaintiff's Motion for Sanctions should be and hereby is AFFIRMED.

IT IS SO ORDERED this 20th day of May 2019.

/s/Robert T. Dawson
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE